**LX CATTLE COMPANY,**
Plaintiff–Appellant,

v.

**UNITED STATES of America,**
Defendant–Appellee.

No. 79–2292.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1980.

W. John Glancy, Dallas, Tex., for plaintiff–appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Gary R. Allen, Robert S. Pomerance, Tax Div., U. S. Dept. of Justice, Washington, D. C., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant–appellee.

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal from the district court's judgment in favor of the Internal Revenue Service raises the question whether appellant, a personal holding company during the years at issue, is entitled to a § 545(b)(1) deduction for the tax years 1968–70, even though appellant did not pay the income taxes giving rise to the deduction until 1971 and contested the payment in 1973. The district court held that the year of payment governed the timing of the deduction, and we agree. The district court also correctly ruled that an agreement settling a prior refund action estopped appellant from deducting a 1969 payment from its 1969 taxable income.

In 1968, 1969, and 1970, appellant received substantial sand and gravel income which it reported as long–term capital gain. The I.R.S., however, recharacterized the proceeds as mineral royalties taxable as ordinary corporate income. In addition to increasing appellant's ordinary income tax liability, this recharacterization subjected appellant to personal holding company tax for each of the three years. Appellant paid without protest the additional income taxes and personal holding company taxes in May of 1971.[1] Shortly before the two–year statute of limitations would have run, see 26 U.S.C. § 6511(a), appellant filed a claim with the I.R.S. seeking a refund of all deficiency taxes paid in 1971. Upon denial of the claim, appellant filed timely suit in 1975 for refund in the United States District Court for the Northern District of Texas, but stipulated before trial that the Commissioner properly assessed the additional ordinary income taxes and correctly treated appellant as a personal holding company for the 1968–70 tax years. Thus, by the time of trial, the only contested issue concerned the proper year(s) for deducting the income taxes in computing the personal holding company taxes.

▪ The personal holding company tax imposed by 26 U.S.C. § 541 was designed to prevent shareholders of certain closely held

---

1. Appellant's payments with respect to each of the three tax years are as follows:

| Tax Year | Amount of Personal Holding Company Tax Paid | Amount of Additional Ordinary Income Tax Paid |
| --- | --- | --- |
| 1968 | $48,425.57 | $14,791.19 |
| 1969 | 86,461.18 | 37,379.56 |
| 1970 | 60,111.56 | 17,892.86 |

corporations [2] from avoiding, by accumulation of passive income at the corporate level, the graduated tax structure applicable to individual investors. *See Fulman v. United States,* 434 U.S. 528, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978). The statute's purpose is achieved by imposing on the personal holding company both the ordinary income tax applicable to its operation as a corporation and a penalty tax of 70% on its undistributed personal holding company income. *See* § 541.

■ Section 545(b)(1) provides that in computing the undistributed personal holding company income "[t]here shall be allowed as a deduction Federal income . . . taxes . . . *accrued* during the taxable year. . . ." (Emphasis added.) The predecessor of this section of the 1954 Code permitted a deduction for federal income taxes "paid or accrued during the taxable year." 26 U.S.C. § 505(a)(1)(1934). Congress omitted the word "paid" in the present version to make it clear that taxes could be deducted only in the year in which they accrued. *See* Summary of the New Provisions of the Internal Revenue Code of 1954 (prepared by the Staff of the Joint Committee on Internal Revenue Taxation) 84th Cong., 1st Sess. 76 (1955). The legislative history of § 545(b)(1) clearly reveals that Congress intended, by using the word "accrued," to incorporate settled principles of tax accounting into the deduction calculus. *See* S.Rep. No. 1622, 83d Cong., 2d Sess., 320 (1954); H.R.Rep. No. 1337, 83d Cong., 2d Sess., A177 (1954), U.S.Code Cong. & Admin.News 1954, p. 4017. *See also Hart Metal Products Corp. v. C. I. R.,* 437 F.2d 946

(7th Cir. 1971); Treas.Reg. § 1,545–2(a)(1)(i) (1954). Under the accrual method of accounting, an expense is deductible for the taxable year in which all the events have occurred which determine the fact of liability. *See United States v. Consolidated Edison Co.,* 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356 (1961); *Security Flour Mills Co. v. Commissioner,* 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725 (1944); *Dixie Pine Products Co. v. Commissioner,* 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270 (1944); Treas.Reg. § 1.461–1(a)(2) (1954).

■ In this instance, appellant neither accepted nor recognized any liability for the income taxes in question during the years in which the income was received. The fact of liability for the additional income and holding company taxes was not determined until the I.R.S. decided, on May 21, 1971, to characterize the sand and gravel income as mineral royalty rather than long–term capital gain. Thus, it follows that under the "all events" test, accrual did not occur in this instance until at least 1971. *See Kluger Associates, Inc. v. C.I.R.,* 617 F.2d 323 (2d Cir. 1980). Although the logic of the "all events" test dictates that appellant's continuing contest of the payment precluded accrual until a final resolution of the dispute, *see United States v. Consolidated Edison Co., supra,* Congress has carved an exception, declaring that when liability is contested, accrual occurs in the year of payment. 26 U.S.C. § 461(f). Thus, appellant is entitled, as the district court found, to deduct from its 1971 personal holding company income the amount of federal income taxes paid in that year.[3]

---

**2.** A closely held corporation, 50% of whose stock is owned by five or fewer persons, becomes a personal holding company when at least 60% of its adjusted ordinary gross income is personal holding company income. 26 U.S.C. § 542(a). Personal holding company income is income from passive investment property such as dividends, rents, or royalties. § 543.

**3.** The I.R.S. deducted the additional income taxes paid in 1971 in determining whether appellant was liable for personal holding company tax in 1971. The deduction was partially "wasted," however, since the amount of the

deduction exceeded appellant's taxable income for that year by $8,022.16. If appellant had received no personal holding company income in 1971 subject to the tax, then the deduction would, of course, have been completely lost. Although we realize that our decision may thus allow harsh results and distortions of income in certain cases, we are not at liberty to change a result Congress has prescribed. Moreover, we note that Congress has provided certain relief measures that greatly mollify any hardship that a proper application of accrual principles may produce in this context. *See* 26 U.S.C. § 547.

■■ Appellant argues, in the alternative, that if the taxes are deductible with respect only to the year of payment, then the I.R.S. should allow it to deduct, for the 1969 taxable year, payments which it made in that year to satisfy a prior deficiency assessed for the years 1965–67. Appellant contested this first deficiency, which also arose from the I.R.S.'s recharacterization of appellant's sand and gravel income, in a suit filed in 1971. That contest, however, unlike the one now before us, ended with a settlement agreement, which provides:

> In full settlement of Plaintiff's claim for refund of taxes and interest for the tax years [1965–67], Defendant will pay to Plaintiff $41,101.58 as refund of Plaintiff's overpayment of personal holding company taxes and $4,906.03 as refund of assessed deficiency interest relating to such overpayment, a total of $46,007.61, plus interest as allowed by law.

The evidence admitted at trial conclusively established that the parties arrived at the amount of refund by treating the additional ordinary income taxes paid in 1969 as though they had accrued in the years to which they relate, *i. e.* 1965–67.[4] The agreement, in other words, permitted appellant to deduct the additional income taxes without reference to the normal accrual and year–of–payment rules. Thus, since appellant has received a deduction once for these additional taxes paid in 1969, it is obviously not now entitled to the benefit of a second deduction for the same taxes. Accordingly, the judgment of the district court is AFFIRMED.

---

*See generally Fulman v. United States, supra; Kluger Associates, Inc. v. C.I.R., supra.*

4. Appellant does not question the conclusiveness of the evidence, but rather its admissibility. We agree with the district court's conclusion that the agreement unambiguously granted appellant the benefit of the deduction and find that the court properly admitted the evidence to elucidate the circumstances surrounding the agreement. *See Robbins Tire & Rubber Co. v. United States*, 462 F.2d 684 (5th Cir. 1972), *cert. denied*, 410 U.S. 913, 93 S.Ct. 964, 35 L.Ed.2d 278 (1973).