## KELLER–DORIAN CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 155.

Circuit Court of Appeals, Second Circuit.

March 4, 1946.

Before SWAN, CLARK and FRANK, Circuit Judges.

SWAN, Circuit Judge.

For many years the petitioner has been engaged in the importation and sale of merchandise. It has kept its books and prepared its tax returns on the accrual basis. Its fiscal year ends January 31st and the taxable years involved in this pro-

ceeding are those ending on January 31, 1941 and 1942. In each of these years the taxpayer accrued and paid additional customs duties on importations of merchandise in earlier years. Deduction of these payments was claimed under § 23 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 23; disallowance of them produced the deficiencies in litigation. The correctness of the Tax Court's decision sustaining the Commissioner's disallowance of such deductions is the question presented by this appeal.

The facts were stipulated. During the fiscal years ending January 31, 1936 to January 31, 1940, inclusive, the petitioner paid customs duties to the United States on its imports of merchandise on the basis of values duly approved by the United States customs authorities. Such payments were accepted by the customs authorities and the merchandise was released. Pursuant to instructions received in 1940 from the customs authorities the petitioner made reappraisals of its imports for the period from August 23, 1935 to April 2, 1937, and as a result of such reappraisals the petitioner, during its fiscal year ending January 31, 1941, accrued on its books of accounts and duly paid to the customs authorities additional duties of $2,269.93. As to the taxable year 1942 the facts are similar. Pursuant to instructions received in 1941 from the customs authorities, the petitioner made reappraisals of its imports for the period from April 3, 1937 to January 31, 1939, and as a result of such reappraisals the petitioner, during its fiscal year ending January 31, 1942, accrued on its books of account and duly paid to the customs authorities additional duties of $5,425.42. The income tax returns of the petitioner for the fiscal years ending January 31, 1936 to January 31, 1939, inclusive, were timely filed and no waivers or agreements were executed to extend the time within which additional taxes could be assessed for any of such years.

The Tax Court ruled that customs duties are taxes and must be treated for income tax purposes in the same manner as any other taxes; that since the petitioner reported on the accrual basis, it was obliged to accrue the duties in the taxable year in which the merchandise was imported, if all the facts had occurred in that year to fix the amount and the fact of the taxpayer's liability; and that the record did not show that such facts had not then occurred. We see no escape from this conclusion. The liability of an importer for customs duties accrues when the goods arrive at the port of entry. 19 U.S.C.A. § 1001; see Meredith v. United States, 13 Pet. 486, 493, 10 L. Ed. 258; The Squanto, 2 Cir., 13 F.2d 548, 550, certiorari denied sub nom. Colonial Transp. Co. v. United States, 273 U.S. 727, 47 S.Ct. 238, 71 L.Ed. 861. The petitioner failed to show that the reappraisals which resulted in the additional customs duties were not required to correct errors in the original computations. This court has held that if the correct amount of a tax is ascertainable in the year when the liability accrues, even though it was not in fact then ascertained, the later correction of the error in computation does not entitle the taxpayer (on accrual basis) to take a deduction in the year when the additional tax is paid. Uncasville Mfg. Co. v. Commissioner, 2 Cir., 55 F.2d 893, 895, certiorari denied 286 U.S. 545, 52 S.Ct. 497, 76 L.Ed. 1282. See also Niles Bement Pond Co. v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; Hygienic Products Co. v. Commissioner, 6 Cir., 111 F.2d 330, certiorari denied 311 U.S. 665, 61 S.Ct. 22, 85 L.Ed. 426. This principle appears to us conclusive of the case at bar. Since the record does not show why reappraisals were required in 1940 and 1941 we must assume that the customs officials acted lawfully in requiring them; that means, since there was no change in the statute, that a basis of computation was originally applied which the officials later discovered to have been erroneous. The Uncasville case establishes that such a legal error cannot be used by a taxpayer as a basis for saying that he could not have known the correct amount of the taxes (or customs duties) in the earlier years when they accrued. The cases upon which the petitioner relies contain nothing to the contrary. Accordingly the order is affirmed.