DOUG-LONG, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11051–76.      Filed October 11, 1979.

*Thomas Hogan, Joseph A. Wagda, Jr.,* and *David A. Brady,* for the petitioner.

*David R. Smith,* for the respondent.

### SUPPLEMENTAL OPINION

HALL, *Judge:* On April 23, 1979, we filed our original opinion (72 T.C. 158) in this case. In his statutory notice, respondent determined the following deficiencies and additions for accumulated earnings tax for petitioner:

| Year | Deficiency | Accumulated earnings tax |
|------|-----------|--------------------------|
| 1972 ....... | $209.84 | $12,020.25 |
| 1973 ....... | 0 | 10,168.85 |
| 1974 ....... | 8,387.70 | 29,869.56 |

In our original opinion, we held that petitioner was liable for the accumulated earnings tax under section 531[1] for the years 1972, 1973, and 1974. To reflect adjustments in respondent's determination which were set forth in our opinion, decision was to be entered under Rule 155, Tax Court Rules of Practice and Procedure. On June 13, 1979, petitioner filed its computation for entry of decision. On July 12, 1979, respondent filed his computation for entry of decision. The parties' computations agreed except for the calculation of the accumulated earnings tax for 1974. Pursuant to our orders dated July 16 and August 6, 1979, the parties filed supplemental memoranda of law with respect to this Rule 155 computation.

The dispute between the parties is focused on the amount of petitioner's "accumulated taxable income" in 1974. Under section 531, the accumulated earnings tax is imposed on a corporation's "accumulated taxable income" as defined in section 535. In relevant part, section 535 provides:

(a) DEFINITION.—For purposes of this subtitle, the term "accumulated taxable income" means the taxable income, adjusted in the manner provided in subsection (b), minus the sum of the dividends paid deduction (as defined in section 561) and the accumulated earnings credit (as defined in subsection (c)).

(b) ADJUSTMENTS TO TAXABLE INCOME.—For purposes of subsection (a), taxable income shall be adjusted as follows:

(1) TAXES.—There shall be allowed as a deduction *Federal income* and excess profits *taxes* and income, war profits, and excess profits taxes of foreign countries and possessions of the United States (to the extent not allowable as a deduction under section 275(a)(4)), *accrued during the taxable year* or deemed to be paid by a domestic corporation under section 902(a)(1)

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.

or 960(a)(1)(C) for the taxable year, but not including the accumulated earnings tax imposed by section 531, the personal holding company tax imposed by section 541, or the taxes imposed by corresponding sections of a prior income tax law. [Emphasis added.]

Petitioner contends that, for purposes of calculating its accumulated taxable income, its taxable income for 1974 should be reduced by $8,387.70, the amount of its income tax deficiency as set forth in the statutory notice, in addition to the income tax paid with its return. Respondent, on the other hand, contends that $8,188.65 of the tax set forth in the notice of deficiency was not "accrued" within the meaning of section 535(b)(1).[2]

At the heart of this controversy is section 1.535–2(a)(1), Income Tax Regs., which provides:

(a) *Taxes*—(1) *United States taxes.* In computing accumulated taxable income for any taxable year, there shall be allowed as a deduction the amount by which Federal income and excess profits taxes accrued during the taxable year exceed the credit provided by section 33 (relating to taxes of foreign countries and possessions of the United States), except that no deduction shall be allowed for (i) the accumulated earnings tax imposed by section 531 (or a corresponding section of a prior law), (ii) the personal holding company tax imposed by section 541 (or a corresponding section of a prior law), and (iii) the excess profits tax imposed by subchapter E, chapter 2 of the Internal Revenue Code of 1939, for taxable years beginning after December 31, 1940. The deduction is for taxes accrued during the taxable year, regardless of whether the corporation uses an accrual method of accounting, the cash receipts and disbursements method, or any other allowable method of accounting. *In computing the amount of taxes accrued, an unpaid tax which is being contested is not considered accrued until the contest is resolved.* [Emphasis added.]

Petitioner contends that it did not "contest" the 1974 income tax deficiency or, in the alternative, that this regulation is invalid. On the other hand, respondent contends that petitioner did "contest" $8,188.65 of the income tax deficiency within the meaning of *Dixie Pine Products Co. v. Commissioner,* 320 U.S. 516 (1944), and, moreover, that this regulation is valid. For reasons set forth below, we agree with respondent.

The facts of this controversy are undisputed. Prior to issuing the statutory notice of deficiency, respondent proposed several adjustments to petitioner's income tax for 1974. Specifically, respondent proposed to disallow the following deductions

---

[2]The parties agree that $199.05 of the total income tax deficiency set forth in the statutory notice ($8,387.70) was accrued within the meaning of sec. 535(b)(1); the dispute here is focused on whether the remainder of the deficiency ($8,188.65) reduces accumulated taxable income.

claimed by petitioner: (1) A deduction of $478 for plumbing expenses, (2) a bad debt deduction of $16,025.70, and (3) a deduction of $1,284 for the purchase of a lawnmower. On September 29, 1975, petitioner filed a protest with the District Director in Buffalo, N.Y., in which petitioner disputed respondent's proposed adjustments with respect to the claimed bad debt deduction and the lawnmower; in this protest, petitioner conceded that it had erroneously deducted plumbing expenses of $478.

On September 21, 1976, respondent issued a statutory notice of deficiency to petitioner with respect to petitioner's 1972, 1973, and 1974 taxable years. In the statutory notice, respondent determined that petitioner was not entitled to any of these three claimed deductions. Specifically, respondent determined a deficiency in petitioner's income tax for 1974 of $8,387.70, of which $199.05 was attributable to the deduction for plumbing expenses, and the remainder ($8,188.65) was attributable to the bad debt and lawnmower deductions. Respondent also determined that petitioner was liable for the accumulated earnings tax for all 3 years. In its petition filed December 20, 1976, petitioner conceded that it was not entitled to any of these claimed deductions; petitioner disputed only respondent's determination with respect to the accumulated earnings tax.

Petitioner contends first that the entire income tax deficiency of $8,387.70 was an accrued tax because petitioner did not "contest" its liability for this tax. In this regard, petitioner argues that a "contested" tax for purposes of regulations section 1.535–2(a)(1) is a tax which is still being contested at the time accumulated taxable income is computed. Alternatively, petitioner contends that a deficiency which is not disputed in its petition to this Court is not a contested tax for purposes of this regulation. In making this argument, petitioner contends that *Dixie Pine Products Co. v. Commissioner*, 320 U.S. 516 (1944), and section 1.461–2(b)(2), Income Tax Regs., are inapplicable here. Petitioner further contends that *Estate of Goodall v. Commissioner*, 391 F.2d 775 (8th Cir. 1968), cert. denied 393 U.S. 829 (1968), is distinguishable from the instant case.[3]

In *Dixie Pine Products Co. v. Commissioner, supra,* an accrual

---

[3]Compare also Rev. Rul. 72–306, 1972–1 C.B. 165; Rev. Rul. 68–632, 1968–2 C.B. 253.

basis taxpayer contested a State tax. The Supreme Court disallowed a Federal income tax deduction of this tax until the contest was resolved. The Court stated:

> all the events must occur in that year which fix the amount and the fact of the taxpayer's liability for items of indebtedness deducted though not paid; and this cannot be the case where the liability is contingent and is contested by the taxpayer. [320 U.S. at 519; fn. ref. omitted.]

Although *Dixie Pine* involved a tax which was disputed in court proceedings, subsequent cases have made clear that a "contest" is not limited to a dispute which has reached the courts. In *Great Island Holding Corp. v. Commissioner*, 5 T.C. 150, 160 (1945), the taxpayer had not paid a State franchise tax for the years 1930 through 1942. The taxpayer believed it was not subject to this tax, and it did not accrue such tax on its books and records. In 1942, the taxpayer filed late tax returns for these years, along with a letter of protest objecting to imposition of the tax. The taxpayer then claimed it was entitled to deduct its 1937 franchise tax in the year in which the liability arose, i.e., 1937. On the basis of *Dixie Pine*, we disagreed with the taxpayer. We held that the "contested tax rule" of *Dixie Pine* applies "if the taxpayer does not accrue the items on its books and denies its liability therefor." Accord, *Southwest Exploration Co. v. Riddell*, 232 F. Supp. 13 (S.D. Cal. 1964), affd. 362 F.2d 833 (9th Cir. 1966). Cf. *Dravo Corp. v. United States*, 172 Ct. Cl. 200, 348 F.2d 542 (1965).

*Dixie Pine* and its progeny are reflected in the Code and the regulations. Section 461(f) provides that, under specified circumstances not applicable in this case, a contested liability can be deducted.[4] The implication of this section is that, unless its requirements are satisfied, a contested liability is not treated as

---

[4]Sec. 461(f) provides:

(f) CONTESTED LIABILITIES.—If—

   (1) the taxpayer contests an asserted liability,

   (2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability,

   (3) the contest with respect to the asserted liability exists after the time of the transfer, and

   (4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year),

then the deduction shall be allowed for the taxable year of the transfer. This subsection shall not apply in respect of the deduction for income, war profits, and excess profits taxes imposed by the authority of any foreign country or possession of the United States.

accrued for tax purposes. In section 1.461–2(b)(2), Income Tax Regs., a "contest" is defined:

A contest arises when there is a bona fide dispute as to the proper evaluation of the law or the facts necessary to determine the existence or correctness of the amount of an asserted liability. It is not necessary to institute suit in a court of law in order to contest an asserted liability. An affirmative act denying the validity or accuracy, or both, of an asserted liability, such as including a written protest with payment of the asserted liability, is sufficient to commence a contest. Thus, lodging a protest in accordance with local law is sufficient to contest an asserted liability for taxes. * * *

*Estate of Goodall v. Commissioner, supra,* is the only decision which has previously considered whether a contested Federal tax can be accrued for purposes of determining a corporation's accumulated taxable income subject to the accumulated earnings tax. *Estate of Goodall* involved section 102(d)(1)(A), I.R.C. 1939, which provided for a deduction of accrued Federal income taxes in the computation of "undistributed section 102 [I.R.C. 1939] income" for purposes of the accumulated earnings surtax. In *Estate of Goodall,* the taxpayer contested a deficiency determination before this Court; the taxpayer then argued before the Court of Appeals for the Eighth Circuit that it was entitled to accrue as a deduction for section 102 purposes these taxes to the extent that this Court upheld respondent's determination. The Court of Appeals, relying on *Dixie Pine,* rejected the taxpayer's argument. (391 F.2d at 800.)

In this case, petitioner contends that neither these cases nor the regulations section 1.535–2(a)(1) defines a "contest" for purposes of determining its accumulated taxable income. According to petitioner, *Dixie Pine* and *Estate of Goodall* are distinguishable because the taxpayers in those cases contested respondent's determination before a court.[5] Specifically, petitioner contends that *Estate of Goodall* sets forth the minimum requirement (i.e., litigation) for a tax to be viewed as contested for purposes of determining accumulated taxable income. Petitioner contends that *Great Island Holding Corp. v. Commissioner, supra,* and regulations section 1.461–2(b)(2) are inapposite here because they do not directly relate to the accumulated earnings tax. Petitioner contends that the accumulated earnings tax is unique because, if petitioner is not entitled to deduct these

---

[5]In contrast, petitioner conceded in this case the entire 1974 income tax deficiency ($8,387.70) in its petition to this Court.

taxes in calculating its accumulated taxable income for 1974, it will never be entitled to such a reduction of its accumulated earnings tax.[6] By contrast, petitioner contends that the taxpayer in *Great Island Holding Corp.* will be entitled to deduct the taxes it paid if and when the contest is resolved against the taxpayer. A similar result would arise for contested liabilities under regulations section 1.461–2(b)(2). In essence, petitioner contends that because the accumulated earnings tax is unique, a different definition of "contest" is needed. Petitioner proposes that a "commonsense" approach is that a tax is "contested" for purposes of regulations section 1.535–2(a)(1) only if the determination of this Court with respect to the tax is appealed or, alternatively, only if the taxpayer petitions this Court with respect to the deficiency.

We are unpersuaded by petitioner's argument. We note that courts have evolved a consistent definition of "contest" for accrual purposes, which is now expressed in regulations section 1.461–2(b)(2). Under this definition, since petitioner contested to the District Director respondent's proposed disallowance of a bad debt deduction and a deduction for the cost of a lawnmower, these were "contested" adjustments. Under tax accrual rules, the plumbing cost was also "contested."

The distinction which petitioner seeks to establish between its situation and other cases (particularly *Great Island Holding Corp. v. Commissioner, supra*) is, we believe, chimerical. In all of the previously decided cases, the issue has been whether a taxpayer using the accrual method of accounting is entitled to a deduction for contested taxes. These decisions have focused on the "all events" test set forth in section 1.461–1(a)(2), Income Tax Regs.; the decisions unanimously hold that a liability for taxes cannot be accrued until a contest concerning the taxes has been resolved. *Dixie Pine Products Co. v. Commissioner, supra.* Unless petitioner is correct in its view that policy reasons should persuade us to construe the word "accrued" differently in the context of section 535(b)(1), these holdings would also be applicable here because section 535(b)(1) allows a taxpayer, in the calculation of its accumulated taxable income, to reduce its

---

[6]The assumption implicit in petitioner's contention is that since the accumulated earnings tax is a penalty tax, petitioner will avoid such tax in later years.

taxable income by *accrued* Federal taxes. The term being defined—accrued tax—is the same in this case as in other cases.

We do not find support for petitioner's position in cases it cites involving customs duties. See *Keller-Dorian Corp. v. Commissioner*, 153 F.2d 1006 (2d Cir. 1946), affg. a Memorandum Opinion of this Court, and *Japanese Trading Co. v. Commissioner*, 25 T.C.M. 441, 35 P–H Memo T.C. par. 66,078 (1966). These cases hold that taxpayers can deduct customs duties in the year of importation, whether or not the taxpayer later litigates its liability for such duties in the United States Customs Court. However, these decisions are based on the statutory and regulatory provisions which mandate that duties accrue on importation.[7] There are no such applicable statutory provisions in this case.

Petitioner has not given us any convincing policy reason why a "contest" should be defined differently for purposes of determining accumulated taxable income. In support of its argument, petitioner relies on the fact that, if it is not subject to accumulated earnings tax in the year in which the contest regarding the deductions is resolved, it will not receive any benefit for purposes of calculating its accumulated taxable income from the tax it will pay. However, this argument ignores the fact that the accumulated earnings tax is a penalty tax. The accumulated earnings tax is designed to discourage taxpayers from using corporations to avoid income tax. We found that petitioner was formed or availed of for such purpose. In such circumstances, we would require some evidence of a congressional desire for mitigation of the penalty before we could accept petitioner's proferred redefinition of accrual. We are cited to no authority showing that Congress was concerned that persons in the position of petitioner may never receive a benefit—i.e., a reduction in the penalty due—for deductions which it claimed in 1974 but which it was not entitled to.

Moreover, petitioner's policy argument is based on a misconception of the purposes underlying the accumulated earnings tax. The purpose of the accumulated earnings tax is to require corporations such as petitioner to distribute their income to the extent such income exceeds their reasonable business needs. On

---

[7] 19 U.S.C. sec. 1001, repealed by Pub. L. 87–456, tit. I, sec. 101(a), 76 Stat. 72. See 19 U.S.C. secs. 1202, 1315 (1973); 19 C.F.R. 141.1(a) (revised as of Apr. 1, 1979).

its 1974 return, petitioner claimed deductions which, it has now conceded, it was not entitled to deduct. These deductions decreased petitioner's taxable income and, therefore, provided petitioner with more after-tax income which it could distribute to its shareholder. We found, however, that (with the exception of a token dividend) petitioner retained its income. The purposes of the accumulated earnings tax would be defeated if, at a later date, petitioner could reduce its accumulated taxable income by the tax which it saved in 1974 but did not distribute. The petitioner defined its own after-tax income and should not now be heard to complain of the consequences if it did so erroneously. We could understand a congressional policy decision that a taxpayer engaging in conduct which Congress determined to penalize, who also claims deductions to which it is not entitled, should risk finding its penalty increased as a result. Since these consequences flow from a natural and normal reading of the word "accrual," and since petitioner has not demonstrated that the usual meaning was unintended, we will not indulge its desire to read the word here in a new way.

Finally, petitioner does not urge a workable alternative to the normal definition. Under petitioner's "commonsense" approach, the only "contested taxes" would be taxes the liability for which is contested at the time accumulated taxable income is calculated. In other words, petitioner evidently contends that a "contested tax" is one with respect to which our decision is appealed to a higher court. But when we make our Rule 155 computation, we have no way of knowing whether petitioner will appeal.

Petitioner's alternative proposal—that a tax is contested only if litigation is commenced—is likewise meritless. As we pointed out in *Great Island Holding Corp. v. Commissioner, supra,* a liability is not fixed if a taxpayer disputes such liability. Obviously, when petitioner filed its protest with the District Director, it was disputing an alleged liability.

Accordingly, we conclude that for purposes of regulations section 1.535–2(a)(1), a "contested tax" has the same meaning as is set forth in *Great Island Holding Corp. v. Commissioner, supra,* and regulations section 1.461–2(b)(2). In this case, since petitioner filed a protest with the District Director with respect to $8,188.65 of the income tax adjustments proposed by respondent, this amount was a "contested tax" and, under the regulation, petitioner is not entitled to treat such amount as an

accrued tax for purposes of calculating its accumulated taxable income. Since respondent has not contended against accrual of the $199.05 tax attributable to the deduction for plumbing expenses, we need not consider whether that amount was "accrued."

Petitioner's second contention is that, if its 1974 income tax deficiency constitutes a "contested tax" within the meaning of the last sentence of regulations section 1.535–2(a)(1), then that portion of the regulation is invalid. Petitioner argues that there is no support in either the statute or the legislative history for this provision in the regulation.

When ruling on the validity of a regulation, we bear in mind that the Court has no power to revise the regulations. Rather, our function "begins and ends with assuring that the Commissioner's regulations fall within his authority to implement the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307 (1967). Accordingly, unless a regulation is "unreasonable and plainly inconsistent with the revenue statutes," it must be sustained. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948).

Petitioner's argument with respect to the last sentence of regulations section 1.535–2(a)(1) is three-fold. Petitioner contends first, that section 535(b)(1) does not directly provide that a contested tax should not be accrued. Second, petitioner contends that there is no decisional authority supporting the validity of the last sentence of regulations section 1.535–2(a)(1). Finally, petitioner asserts that respondent erroneously adopted this regulation from section 545 (personal holding company tax). Section 545(b)(1) provides that, in the computation of "undistributed personal holding company income,"[8] taxable income is reduced by, inter alia, Federal income taxes. The language of section 545(b)(1) is virtually identical to the language of section 535(b)(1). However, the legislative history of section 545(b)(1) specifically provides that "In the case of contested taxes the accrual occurs in the year the contest is resolved (*Dixie Pine Products Co. v. Commissioner*, 320 U.S. 516)." H. Rept. 1337, 83d Cong., 2d Sess. A174, A176, A177 (1954). This language from the legislative history is mirrored in regulations section 1.545–

---

[8]Sec. 541 imposes a tax on the "undistributed personal holding company income" of a personal holding company. This tax is computed in a manner similar to the computation of the accumulated earnings tax.

2(a)(1)(i). However, similar language does not appear in the legislative history of section 535(b)(1), but the last sentence of regulations section 1.535–2(a)(1) is identical to the last sentence of regulations section 1.545–2(a)(1)(i). Petitioner contends that respondent incorrectly used the personal holding company provisions, and particularly regulations section 1.545–2(a)(1)(i), as a model for the regulations under the accumulated earnings tax.

We are unpersuaded by petitioner's argument. In the first place, although section 535(b)(1) does not directly refer to contested taxes, it does specifically provide that an adjustment to taxable income is made only for *accrued* Federal taxes. The last sentence of this regulation is consistent with the definition of accrued taxes which has been set forth in *Dixie Pine Products Co. v. Commissioner, supra; Great Island Holding Corp. v. Commissioner, supra;* and sec. 1.461–2(b)(2), Income Tax Regs. Accordingly, we believe there is sufficient statutory authority for the last sentence of regulations section 1.535–2(a)(1).

Second, we conclude that *Estate of Goodall v. Commissioner*, 391 F.2d 775 (8th Cir. 1968), cert. denied 393 U.S. 829 (1968), supports our conclusion. *Estate of Goodall* involved section 102(d)(1)(A), I.R.C. 1939, which provided for a deduction of accrued Federal income taxes in the computation of "undistributed section 102 [I.R.C. 1939] income" for purposes of the accumulated earnings surtax. In the opinion for the Court of Appeals, Judge Blackmun noted that the purpose of this provision "is to arrive at a realistic determination of improper accumulation and what a corporation has properly paid or accrued for federal income taxes reduces the accumulation accordingly." (391 F.2d at 800.) The Court of Appeals went on to hold that *Dixie Pine Products Co. v. Commissioner, supra,* was controlling in the definition of accrued income taxes. Similarly, the regulation challenged in this case provides that the principle of *Dixie Pine Products* is determinative in the computation of accumulated taxable income. We believe that *Estate of Goodall* provides judicial precedent for the last sentence of regulations section 1.535–2(a)(1).

Finally, we are unpersuaded by petitioner's argument that the last sentence of regulations section 1.535–2(a)(1) appears to have been adopted from the regulations applicable to the personal holding company tax. The central issue in determining the

validity of a regulation is whether the questioned regulation is consistent with the revenue statute. If the last sentence of regulations section 1.535–2(a)(1) were copied from regulations section 1.545–2(a)(1)(i), this would be irrelevant so long as regulations section 1.535–2(a)(1) is reasonable and consistent with section 535(b)(1).

Moreover, petitioner's argument that this regulation is invalid ignores the purpose of the accumulated earnings tax. As we mentioned before, this is a penalty tax designed to discourage taxpayers from using corporate shields to avoid taxation.[9] The questioned regulation furthers this purpose by allowing taxpayers, in the calculation of accumulated taxable income, to reduce their taxable income by accrued taxes but not by contested taxes. Petitioner points to no valid reason respondent could not conclude under the statute that the corporation may not reduce its taxable income by such contested liabilities.

Accordingly, we cannot rule invalid the last sentence of section 1.535–2(a)(1), Income Tax Regs. In light of our previous conclusion that petitioner "contested" $8,188.65 of its income tax deficiency for 1974, we conclude that respondent correctly computed petitioner's accumulated taxable income by not providing a reduction of petitioner's taxable income in that amount. We hold that respondent's computation for entry of decision is correct.

*An appropriate decision will be entered.*

---

[9]We note, parenthetically, that the personal holding company tax serves a similar purpose. The fact that the regulations under both the accumulated earnings tax and the personal holding company tax are similar is not, therefore, surprising.