**CONSOLIDATED INDUSTRIES, INC., Joseph C. Valentine and Shirley R. Valentine, Ronald J. Clayton and Jane H. Clayton, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 1269, Docket 85–4025.**

United States Court of Appeals, Second Circuit.

Argued June 6, 1985.

Decided July 26, 1985.

**42**

Karl Fryzel, Boston, Mass. (Chester M. Howe, Gaston Snow & Ely Bartlett, Boston, Mass., of counsel), for petitioners.

Kenneth Greene, Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, William A. Whitledge, Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent.

Before MANSFIELD, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM.

Consolidated Industries, Inc., a Connecticut corporation, its shareholders, Joseph C. Valentine and Ronald J. Clayton, and their wives, appeal from decisions of the United States Tax Court dated January 16, 1985 involving deficiencies in the income tax liabilities of the individual petitioners.

The corporation is an accrual basis, calendar year taxpayer. The individual taxpayers are officers of the corporation and own all of its stock. In 1976 the corporation elected to be taxed under Subchapter S of the Internal Revenue Code which permits its profits to be passed through and taxed to the shareholders instead of to the corporation.

In 1976 the corporation claimed a substantial deduction for accrued salaries paid or to be paid to the individual taxpayers. In August 1980 the Commissioner disallowed a portion of those deductions as unreasonable compensation and increased the corporation's undistributed taxable income by the same amounts. Deficiencies were determined against the shareholders with respect to the undistributed taxable income of the corporation. This determination was contested in the petition to the tax court, and after negotiations the parties were able to reach a settlement of all of the issues, including the unreasonable compensation issue.

On December 30, 1982, some four months before the stipulation disposing of the unreasonable compensation issue was filed in the tax court, the corporation filed an amended 1976 Connecticut state tax return showing additional income in the amount of $272,700 and paid an additional state tax in the amount of $27,170. The corporation advised the state that it would file a subsequent amended return when the federal audit changes were finalized.

On February 16, 1983, the individual taxpayers each filed an amendment to his tax court petition, asserting that the distribution from the corporation's undistributed income taxable to him in 1976 should be reduced to reflect a deduction for the increased 1976 state tax liabilities. The tax court refused to permit the corporation to reduce its 1976 federal tax liability to reflect the increased 1976 state tax liability incurred by virtue of the settlement.

The tax court held that taxpayers' contest of the federal tax liability was also a contest of the Connecticut state tax liability and thus concluded that the increased Connecticut tax liability for 1976 was not deductible until the year in which the federal contest was settled.

We affirm the decisions of the tax court for the reasons spelled out in its opinion reported at 82 T.C. 477 (1985).