T.C. Memo. 2009-234

UNITED STATES TAX COURT

DAVID AND AMY S. MARTIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DAVID MARTIN, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8172-08, 8173-08.    Filed October 13, 2009.

David and Amy S. Martin, pro se.

David K. Martin (an officer), for petitioner in docket No.
8173-08.

<u>Caroline R. Krivacka</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  In these consolidated cases respondent
determined that petitioners David and Amy Martin (the Martins)

are liable for a $2,444 deficiency in Federal income tax for 2004 and that petitioner David Martin, Inc. (the corporation), is liable for a $327 deficiency in Federal income tax for its taxable year ending June 30, 2006.  The issues to be decided are:

(1)  Whether David Martin (Mr. Martin), an officer of the corporation who performs services for the corporation, is an employee of the corporation;

(2)  whether Mr. Martin is entitled to additional deductions for employee business expenses; and

(3)  whether additional employment taxes accrued to the corporation pursuant to section 461(h)(4)[1] and are deductible by the corporation during the taxable year in which the wages giving rise to the employment taxes were paid to Mr. Martin.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

When the petitions in these cases were filed, the Martins resided in Tennessee and the corporation's principal place of business was in Tennessee.  Mr. Martin is the president and sole shareholder of the corporation.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for taxable years at issue.

Mr. Martin is a real estate agent who works for RE/MAX Preferred Properties (RE/MAX).  RE/MAX pays Mr. Martin a commission on completed sales.  Before 2001 Mr. Martin reported his commission income and expenses on Schedule C, Profit or Loss From Business.

James Clark (Mr. Clark) is a tax return preparer in Knoxville, Tennessee.  He is not an attorney, an accountant, or an enrolled agent authorized to represent taxpayers before the Internal Revenue Service (IRS).  He is not admitted to practice before the Tax Court.  Mr. Clark has been a tax return preparer since 1984 and has prepared petitioners' individual and corporate income tax returns since 1998 or 1999.  Before starting his business as a return preparer, Mr. Clark had been employed by the IRS for 6 years, primarily matching Forms W-2, Wage and Tax Statement, and 1099 with individual returns.  He prepares returns for approximately 100 corporate clients and prepares approximately 400 returns for individual clients every year.

Mr. Clark advised Mr. Martin to conduct his business through a corporation.  Mr. Clark thought that "A C corporation, if he [Mr. Martin] is accumulating equity, pays taxes at 15 cents on the dollar.  It doesn't have [a] self-employment tax obligation. A sole proprietorship has both income tax obligation and self-employment tax obligations."  Mr. Martin did not consult an attorney or anyone other than Mr. Clark regarding the

advisability or consequences of conducting his business through a C corporation. Mr. Clark "set up the corporation" and its accounts for Mr. Martin.

The corporation conducts no business apart from Mr. Martin's real estate activity with RE/MAX. Mr. Martin deposits his commission checks into the corporation's bank account. The corporation pays a large portion of Mr. Martin's business expenses and many of the Martins' personal expenses.

Mr. Martin keeps the records for the corporation. He gives all his records to Mr. Clark for preparation of petitioners' returns. Mr. Clark did not treat Mr. Martin as an employee of the corporation; he did not prepare or file any employment tax returns for the corporation for any taxable quarter. He explained that licensed real estate companies treat their brokers and agents as independent contractors rather than employees, because the companies do not usually pay their brokers and agents a set weekly or monthly amount--real estate brokers may earn commissions for four sales in one month and none for 3 or 4 months.

The Martins' returns for 2004-05 and the corporation's returns for taxable years ending June 30, 2005 and 2006, were selected for audit. Mr. Clark represented the Martins during the audit of petitioners' returns and provided petitioners' receipts and canceled checks to the examination officer. Mr. Clark took

the position that RE/MAX should have issued the Forms 1099 to the corporation rather than to Mr. Martin.

The examination officer determined that Mr. Martin was an employee of the corporation and that the corporation was liable for employment taxes. The corporation appealed the examination officer's determination regarding the employment taxes to respondent's Appeals Office and had not paid the employment taxes as of the time of the trial.[2]

Respondent issued the corporation and the Martins separate notices of deficiency treating the corporation's payment of Mr. Martin's business expenses and the Martins' personal expenses as Mr. Martin's wages. Petitioners timely filed petitions in this Court challenging the deficiencies. Mr. Clark drafted the substantially identical petitions filed by the Martins in their case and the corporation in its case.

OPINION

A.    The Martins' Position

The petition Mr. Clark drafted and filed in the Martins' case alleges:

_____

[2]Where the Commissioner seeks to reclassify an individual as an employee for purposes of imposing employment taxes on the employer under subtit. C of the Code, he may issue the employer a notice of determination concerning worker classification. Sec. 7436(b). An employer who receives such notice of determination may petition this Court for review of the employee classification as well as the proper amount of employment tax owing as a result of classifying the worker as an employee. Sec. 7436(a) and (b).

In 2007 IRS audited David and Amy Martin and their corporation, David Martin, Inc. for 2004 and 2005. On 10/10/07 IRS issued a letter proposing changes to David Martin, Inc.'s 941 and 940 obligations including periods in 2004 and 2005. As an adjustment to payroll tax obligations that document falls outside the U.S. Tax Court's Jurisdiction. On January 8, 2008, IRS issued a Notice of Deficiency to David & Amy Martin. Cursory examination suggests that the proposed changes to David Martin, Inc.'s payroll tax obligations also affect David and Amy Martin's federal tax obligations. The Notice of Deficiency does not reflect the adjustment caused by the payroll tax adjustments. David and Amy Martin ask that the Court require that the IRS reconcile the discrepancies between its contradictory positions and require that IRS make David and Amy Martin, whole in all tax periods.

* * * If IRS claims the increased payroll and attendant tax obligation, then it should make appropriate adjustments to David and Amy Martin's income and expenses in all periods.

In their pretrial memorandum the Martins assert that respondent was incorrect in determining that Mr. Martin was an employee of the corporation and that many of the disbursements respondent considers wages are "deductible expense reimbursements, deductible basis in Capital transactions, or otherwise deductible items".

B. The Corporation's Position

The petition Mr. Clark drafted and filed in the corporation's case is substantially identical to that filed in the Martins' case except that it also asserts that the "IRS should also account for the appropriate accruals of payroll tax liability." In its pretrial memorandum the corporation asserts that respondent's reclassification of Mr. Martin as its employee

subjects it to liability for payroll taxes for both the

employer's and employee's portions, and:

> if IRS wishes to accrue payroll liability to David
> Martin Inc. for the periods in question it must also
> accrue the accompanying payroll tax expense to David
> Martin, Inc.  * * *
>
> * * * Proper inclusion will correctly eliminate any
> Corporate tax obligation to the Petitioner and support
> IRS' claim for increased Payroll taxes in the U.S.
> Court of Federal Claims.

Except for the corporation's claim that it is entitled to

deduct the payroll taxes the examination officer determined it

was obligated to pay, the Martins and the corporation have not

identified, specified an amount of, or provided any

substantiation for any additional deductions to which they might

be entitled for the years at issue.

Neither petitioners nor respondent have taken the position

that Mr. Martin was an independent contractor or employee of

RE/MAX or that all income paid by RE/MAX is his and not the

corporation's.  Cf. <u>Leavell v. Commissioner</u>, 104 T.C. 140, 149,

159 (1995).

C.    <u>Jurisdiction To Decide Mr. Martin's Employee Classification</u>

Petitioners each received a notice of deficiency, and they

invoked our jurisdiction by filing petitions for redetermination

of a deficiency under section 6213(a).  Section 6214(a) grants us

jurisdiction to redetermine the correct amount of a deficiency

and to determine whether any additional amounts or any additions to tax should be assessed.[3]

Pursuant to section 7436, the Tax Court has jurisdiction to review certain determinations made by the Commissioner regarding worker classification and the proper amount of employment tax under such determinations.[4] Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102-103 (2003), affd. 425 F.3d 1203 (9th Cir. 2005); Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 267-268 (2001). However, our jurisdiction under section 7436(a) depends upon, and arises only after, a determination of worker classification by the Secretary. Charlotte's Office

---

[3]Pursuant to sec. 6512(b)(1), the Tax Court has jurisdiction to determine the amount of an overpayment of tax. Our jurisdiction to determine whether there has been an overpayment is limited to the same taxable year or years for which the Commissioner has issued a notice of deficiency and with regard to which the taxpayer has timely filed a petition for redetermination of the deficiency. Id. In addition, our overpayment jurisdiction is limited to determining an overpayment of income, gift, estate, or excise taxes (and related interest) imposed by ch. 41, 42, 43, or 44. Sec. 6512(b)(1) and (2). If we have determined that there is no deficiency but that the taxpayer has made an overpayment of tax, or that there is a deficiency but the taxpayer has made an overpayment of the tax, we have jurisdiction to determine the amount of the overpayment and order a refund of the overpayment, or to credit the overpayment against the deficiency, if the requirements of sec. 6512(b) are satisfied. Sec. 6512(b)(1) and (2).

[4]Before the enactment of sec. 7436, judicial review of an assessment of employment taxes or related penalties was available only if a taxpayer paid a divisible part of the assessment, filed a claim for refund, and filed a refund suit in a Federal District Court or the Court of Federal Claims to recover amounts paid. See sec. 7422; 28 U.S.C. secs. 1346 and 1491 (2006).

Boutique, Inc. v. Commissioner, supra at 103. Respondent has not made such a determination, and therefore we do not have original jurisdiction under section 7436 over petitioners' claims that Mr. Martin was not an employee of the corporation for employment tax purposes.

However, in a deficiency proceeding such as this, where the existence and amount of the deficiency depends on whether the taxpayer is classified as an employee or an independent contractor, we have jurisdiction to decide the proper status. See, e.g., Butts v. Commissioner, 49 F.3d 713 (11th Cir. 1995) (Tax Court properly held taxpayers were independent contractors rather than employees of insurance company), affg. T.C. Memo. 1993-478 and Smithwick v. Commissioner, T.C. Memo. 1993-582; Anderson v. Commissioner, 123 T.C. 219, 223 (2004) (taxpayer was self-employed under section 3121(b)(20) when he worked as a captain or crew member of the fishing boats), affd. 137 Fed. Appx. 373 (1st Cir. 2005); Weber v. Commissioner, 103 T.C. 378, 394 (1994) (minister was employee, not an independent contractor, and his business expenses were not properly reported on Schedule C but were allowable as miscellaneous itemized deductions on Schedule A, Itemized Deductions, subject to the 2-percent floor), affd. 60 F.3d 1104 (4th Cir. 1995).

Similarly, where the existence and amount of an employer-taxpayer's deficiency depends on the taxpayer's deduction for

employment taxes, this Court has jurisdiction to decide whether the employer is entitled to a deduction and, if so, the amount of the deduction.

D.   Mr. Martin's Employment Status

Sections 3111 and 3301 impose FICA (Social Security) and FUTA (unemployment) taxes on employers for wages paid to their employees.  For Federal employment tax purposes, section 3121(d) defines an employee in part as any officer of a corporation.  However, there is an exception to employee status for an officer who does not perform any services (or performs only minor services) and who neither receives nor is entitled to receive remuneration.  Sec. 31.3121(d)-1(b), Employment Tax Regs.  For Federal employment tax purposes, the term "wages" is defined as "all remuneration for employment".  Secs. 3121(a), 3306(b).  The form of payment is immaterial, the only relevant factor being whether the payments were actually received as compensation for employment.  Secs. 31.3121(a)-1(b), 31.3306(b)-1(b), Employment Tax Regs.  Consequently, an officer who performs substantial services for a corporation and who receives remuneration in any form for those services is considered an employee, whose wages are subject to Federal employment taxes.  Veterinary Surgical Consultants, P.C. v. Commissioner, 117 T.C. 141, 144-145 (2001), affd. sub nom. Yeagle Drywall Co. v. Commissioner, 54 Fed. Appx. 100 (3d Cir. 2002).

Mr. Martin is an officer of the corporation, and therefore he is an employee of the corporation under the general rule of section 3121(d)(1). Additionally, Mr. Martin performed substantial services for the corporation. Indeed, he was the only individual working for the corporation, and the corporation's income was generated from the real estate sales services Mr. Martin provided. Therefore, we hold that Mr. Martin was an employee of the corporation.

E.   Additional Deductions

Mr. Martin testified that he kept business records and receipts, which he presented to the examination officer during the audit. He asserted that some of the expenses the corporation paid that respondent treated as his wages were in fact expenses of the corporation. Mr. Martin alluded to a cashier's check paid to a title company but did not state the amount of the check or provide any facts regarding the transaction.

Except for the payroll taxes the examination officer determined the corporation was obligated to pay, the Martins and the corporation have not identified, specified an amount, or provided any substantiation for any additional deductions to which they might be entitled for the years at issue. Except for the corporation's assertion that it is entitled to an additional deduction for the payroll taxes, petitioners have failed to

identify or substantiate any errors in the deficiencies respondent determined in the notices of deficiency.

A contested tax liability is not deductible because it has not accrued. Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516 (1944); Metro Leasing & Dev. Corp. v. Commissioner, 119 T.C. 8, 16 (2002), affd. 376 F.3d 1015 (9th Cir. 2004); Doug-Long, Inc. v. Commissioner, 73 T.C. 71 (1979). Section 1.461-2(b)(2), Income Tax Regs., defines a "contest" as:

> A contest arises when there is a bona fide dispute as to the proper evaluation of the law or the facts necessary to determine the existence or correctness of the amount of an asserted liability. It is not necessary to institute suit in a court of law in order to contest an asserted liability. An affirmative act denying the validity or accuracy, or both, of an asserted liability to the person who is asserting such liability, such as including a written protest with payment of the asserted liability, is sufficient to commence a contest. Thus, lodging a protest in accordance with local law is sufficient to contest an asserted liability for taxes. * * *

Thus, the employment tax disputed by the corporation is a "contested tax". See Dixie Pine Prods. Co. v. Commissioner, supra; Doug-Long, Inc. v. Commissioner, supra at 79 (citing Great Island Holding Corp. v. Commissioner, 5 T.C. 150 (1945) (a liability is not fixed if a taxpayer disputes such liability). Section 461(f) provides that, under specified circumstances not

applicable in this case, a contested liability can be deducted.[5] Unless an accrual method taxpayer satisfies the conditions of section 461(f), he generally may not claim a deduction for a contested tax liability before the year the contest is ended by compromise or settlement or through a final disposition. Wadsworth v. Commissioner, T.C. Memo. 2008-171.

The corporation has contested the employment taxes. Therefore, they did not accrue in the year the wages were paid to Mr. Martin, and the corporation may not deduct them for its tax year here in issue.

---

[5]Sec. 461(f) provides:

SEC. 461(f). Contested Liabilities.--If--

(1) the taxpayer contests an asserted liability,

(2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability,

(3) the contest with respect to the asserted liability exists after the time of the transfer, and

(4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year) determined after application of subsection (h),

then the deduction shall be allowed for the taxable year of the transfer.  This subsection shall not apply in respect of the deduction for income, war profits, and excess profits taxes imposed by the authority of any foreign country or possession of the United States.

F.   Reliance on Advice of Return Preparer

Petitioners relied on Mr. Clark in reporting their income, expenses, and taxes on their Federal income tax returns.  When respondent's counsel asked Mr. Martin whether he blindly followed Mr. Clark's advice without understanding the ramifications, Mr. Martin responded:

> Well, the way that I looked at it is, you know, it's kind of like a doctor or a physician.  You know, I certainly don't go to the doctor and tell him what I'm going to do.  I certainly heed his advice, if I have confidence in him or her, you know, because that's what they do--that's their profession, and I have a great physician and I do exactly everything that she tells me to do because my health is important to me.
>
> I met Mr. Clark years ago.  He was somebody that I felt like I trusted, somebody that I felt like I could have confidence in, and even after today, no matter what happens here today, unless something dramatically changes, if he gives me advice that I feel is good advice, I'm going to take his advice in that venture, because that's out of my area, that's out of my league and my dad kind of taught me if you don't know anything about it, then don't do it, just stay with what you know, so--

Unfortunately, Mr. Martin's confidence in Mr. Clark appears to have been misplaced.  Mr. Clark testified that he is not an attorney, an accountant, or an enrolled agent.  His 6-year employment with the IRS, primarily matching Forms W-2 and 1099 with the individuals' returns, does not necessarily qualify him to prepare tax returns let alone advise clients regarding business planning, business accounting, or various complicated problems involving Federal taxation.

Mr. Clark testified that he advised Mr. Martin to incorporate his real estate sales business, actually set up the corporation, set up the bookkeeping procedures, and prepared the corporation's and the Martins' Federal income tax returns. He knew that Mr. Martin was an officer of the corporation who provided substantial services for the corporation. RE/MAX clearly considered Mr. Martin to be its agent entitled to commissions on his sales and issued annual Forms 1099 to him. Mr. Clark knew this, and yet he advised Mr. Martin to deposit the commission checks into the corporation's bank account and to treat the income as income of the corporation. Cf. Leavell v. Commissioner, 104 T.C. 140 (1995). He knew that the corporation paid Mr. Martin's business expenses as well as some of the Martins' personal expenses. He apparently did not report any of those payments as either wages reportable on Form W-2 or commissions reportable on Form 1099. He did not know that an officer of a corporation who performs services for the corporation is an employee of the corporation for employment tax purposes.

Mr. Martin obtained no tax benefit by incorporating his business. Instead of Mr. Martin's paying self-employment tax on his commission income and claiming a deduction for half the tax, the corporation pays and deducts the employer's portion (half) of the employment taxes. The other half is withheld from Mr.

Martin's wages, and he does not get a tax deduction for his portion of the taxes. Additionally, when Mr. Clark set up the recordkeeping procedures, he did not create an accountable plan for reimbursement of Mr. Martin's employee expenses or advise Mr. Martin to do so. Consequently, the corporation's payment of those expenses is included in computing Mr. Martin's wages, and he must deduct them on Schedule A (subject to the 2-percent floor) rather than Schedule C.

During the audit Mr. Clark advised Mr. Martin to appeal the issue of Mr. Martin's status as an employee to respondent's Appeals Office, thereby precluding the corporation from deducting the employment taxes in the year the wages were paid.

Mr. Clark prepared the unusually obscure petitions filed in these cases. During the trial Mr. Martin relied almost entirely on Mr. Clark's testimony to explain petitioners' positions in their cases. That testimony for the most part is void of relevant content.

We note that other corporate and individual clients of Mr. Clark similarly relied on him in presenting their cases to the Court during the same trial session as these cases. See, e.g., Rosemann v. Commissioner, T.C. Memo. 2009-185; Rosser v. Commissioner, docket No. 6540-08; Rosser Enters., Inc. v. Commissioner, docket No. 6541-08.

G.    Conclusion

Mr. Martin is an employee of the corporation and the payments made to him are wages, the corporation may not deduct the employment taxes until the contest has been resolved, and petitioners have failed to identify or substantiate any deductions not allowed by respondent.

To reflect the foregoing,

Decisions will be entered for respondent.