J.H. RUTTER REX MANUFACTURING CO., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
J.H. Rutter Rex Mfg. Co. v. Commissioner
Docket No. 6343-82.
United States Tax Court
T.C. Memo 1987-296; 1987 Tax Ct. Memo LEXIS 296; 53 T.C.M. (CCH) 1125; T.C.M. (RIA) 87296; June 16, 1987; Affirmed in part, Reversed in part and Remanded September 7, 1988 Edward B. Benjamin, Jr. and Robert W. Nuzum, for the petitioners. Linda J. Bourquin,Linda K. West and H. Carl Zeswitz, for the respondent. SCOTT SUPPLEMENTAL MEMORANDUM OPINION SCOTT, Judge: On August 28, 1986, we filed our Memorandum Findings of Fact and Opinion in the above-entitled case. T.C. Memo. 1986-407[1]. Respondent in his Notice of Deficiency determined deficiencies in income tax and *299 accumulated earnings tax of petitioner for the years 1976, 1977 and 1978 as follows: Deficiency in
Accumulated
Year
Income Tax
Earnings Tax
1976
$367,621
1977
199,800
$446,658
1978
199,800
[2] 598,077
In our Memorandum Findings of Fact and Opinion filed August 28, 1986, we held that petitioner was liable for the accumulated earnings tax under section 531 [3] for the years 1977 and 1978. We sustained petitioner in part and respondent in part with respect to the income tax deficiency for each of the years 1976, 1977 and 1978, and stated that decision would be entered under Rule 155, Tax Court Rules of Practice and Procedure.
On March 27, 1987, respondent filed his computation for entry of decision *300 in the above-entitled case and on April 17, 1987, petitioner filed its notice of objection to respondent's computation and its computation for entry of decision. The computations of the deficiencies in income tax by each of the parties is the same. The only difference in the computations of the parties with respect to the deficiencies in accumulated earnings tax is that respondent, in computing accumulated earnings tax, for each of the years 1977 and 1978 did not deduct any portion of the deficiencies in income tax which were determined to be due by petitioner in our original opinion, but only the amount of income tax of petitioner for each of these years that was not contested in the petition. Petitioner in his computation deducted the entire income tax due under the opinion of this Court for each of the years 1977 and 1978 as computed in its computation which is the same as computed in respondent's computation for entry of decision under Rule 155. Section 531 provides for the imposition of accumulated earnings tax on corporations. This tax is imposed on accumulated earnings taxable income as defined in section 535. Section 535 provides that the term accumulated taxable income *301 means the taxable income adjusted as provided in subsection (b) of that section, minus the sum of the dividends paid deduction and the accumulated earnings credit. Among the adjustments to taxable income listed in subsection (b) is: (1) Taxes. -- There shall be allowed as a deduction Federal income and excess profits taxes and income, war profits, and excess profits taxes of foreign countries and possessions of the United States (to the extent not allowable as a deduction under section 275(a)(4)), accrued during the taxable year or deemed to be paid by a domestic corporation under section 902(a) or 960(a)(1) for the taxable year, but not including the accumulated earnings tax imposed by section 531, the personal holding company tax imposed by section 541, or the taxes imposed by corresponding sections of a prior income tax law. [4]
*302 Petitioner in its motion states that its representative discussed with representatives of respondent the adoption of its proposed computation deducting as taxes an amount including the deficiencies for the years 1977 and 1978 determined in the Rule 155 computations of petitioner and respondent. Petitioner in its notice of objection to respondent's computation asked the Court to accept its computation and to wait 10 days thereafter to enter the decision in accordance with its computation to allow it to pay the deficiencies as determined for the years 1977 and 1978. Petitioner states that in discussions between its representative and respondent's representatives, its representative represented to respondent's representatives that if its proposed computation were accepted, the deficiencies as determined for 1977 and 1978 in the computations would be forthwith paid. Petitioner states that: Section 535(b)(1) of the Internal Revenue Code of 1954, as amended, authorizes and allows a deduction for all Federal income taxes paid or accrued for a particular year in computing accumulated taxable income and the corresponding accumulated earnings tax liability for that *303 year. Petitioner argues that respondent's computations are inconsistent and inapplicable because they determine Federal income taxes paid for purposes of calculating petitioner's accumulated earnings tax liability by including petitioner's Federal income tax paid with its 1977 and 1978 returns and petitioner's 1977 and 1978 Federal income tax paid on February 13, 1980, but excluding the 1977 and 1978 Federal income taxes determined by this Court which petitioner intends to pay prior to the entry of decision in this case. Petitioner misquotes the provisions of section 535(b)(1) in that it states that the section authorizes the deduction of Federal income taxes "paid or accrued" when the section provides only for deduction of Federal income taxes "accrued during the taxable year." Section 461(f) provides that contested liabilities shall be deductible in the year a transfer of money or other property in satisfaction of such liabilities is made if they would be deductible in that year or an earlier year except for the fact that the liability is contested. [5] Petitioner does not cite or rely on section 461(f), nor would it be helpful to it, since petitioner contends the income tax *304 deficiencies are deductible in 1977 and 1978, the years to which they relate rather than in 1987, the year in which it proposes to pay the deficiencies. Petitioner states that the case of Doug-Long, Inc. v. Commissioner,73 T.C. 71 (1979), is distinguishable from the instant case since petitioner proposes to pay the 1977 and 1978 Federal income tax deficiencies determined by this Court prior to the time the *305 decision is entered. Petitioner totally misconstrues the holding in the case of Doug-Long, Inc. In that case we pointed out that the statute specifically refers to a deduction for Federal income taxes "accrued during the taxable year." As we interpreted this statute in Doug-Long, Inc., the statute meant accrued during the taxable year for which the accumulated earnings tax is being computed. In the instant case the income taxes accrued in the years 1977 and 1978 are the taxes which may be deducted in determining the accumulated earnings taxable income. As we discussed at length in Doug-Long, Inc., it has uniformly been held that a tax liability which is contested is not accrued. Because of the detailed discussion in Doug-Long, Inc., it is unnecessary to repeat here the entire reasoning of that case. However, in that case we relied on Dixie Pine Products Co. v. Commissioner,320 U.S. 516 (1944), and Estate of Goodall v. Commissioner,391 F.2d 775 (8th Cir. 1968). In Dixie Pine Products, the Supreme Court held that where a state tax was being contested it had not accrued so as to be deductible by a taxpayer on the accrual basis *306 until the contest was ended or the contested tax paid. As we pointed out in Doug-Long, Inc., the same principle is applicable to accrual of Federal income taxes for the purposes of a deduction from accumulated earnings taxable income. Estate of Goodall involved a claim by a corporation that a contested Federal income tax was deductible under section 102(d)(1)(A) of the 1939 Internal Revenue Code which provided for a deduction of accrued Federal income taxes in the computation of undistributed section 102 (1939 IRC) income for purposes of the accumulated earnings tax. Taxes as shown as due on the return and amounts of tax which are not contested even though not paid when due, accrue in the year for which they become due. However, as held in Dixie Pine Products and Estate of Goodall, a contested tax does not accrue until the contest is ended or the tax is paid. Here, the deficiencies as determined in accordance with the Memorandum Opinion of this Court in this case were contested and effectively may still be being contested. Therefore, if petitioner paid these taxes in 1987 they would not accrue until 1987, and would not be deductions from accumulated taxable income *307 for computing the accumulated earnings taxable income in the years 1977 and 1978. Section 535(b)(1) specifically refers to Federal income taxes accrued during the taxable year. As interpreted in Doug-Long, Inc. v. Commissioner,supra, "during the taxable year" means the year for which the accumulated taxable income is being computed. There is no distinction in the instant case and Doug-Long, Inc., and on the basis of that case and our reasoning therein, we conclude that petitioner is not entitled to deduct the deficiencies in its income tax for the years 1977 and 1978 determined in this case in computing its accumulated earnings taxable income for the years 1977 and 1978. We accept respondent's computation for entry of decision. An appropriate order and decision will be entered.
Footnotes
1. The Memorandum Findings of Fact and Opinion also decided the case of James H. Rutter and Marie R. Rutter, Petitioners v.Commissioner of Internal Revenue, Respondent, docket no. 15061-81. However, the parties are not in disagreement with respect to the recomputation under Rule 155 of our Rules of Practice and Procedure in the case of James H. and Marie R. Rutter↩ and this Supplemental Memorandum Opinion deals only with the case of the corporation.
2. On November 24, 1986, the Court issued an order accompanied by a Memorandum Sur Order in this case and the related case of James H. and Marie R. Rutter v. Commissioner,↩ which is not pertinent to the issue herein.
3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Section 535(a) reads as follows: (a) Definition. -- For purposes of this subtitle, the term "accumulated taxable income" means the taxable income, adjusted in the manner provided in subsection (b), minus the sum of the dividends paid deduction (as defined in section 561) and the accumulated earnings credit (as defined in subsection (c)).↩
5. Section 461(f) provides: (f) Contested Liabilities. -- If -- (1) the taxpayer contests an asserted liability, (2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability, (3) the contest with respect to the asserted liability exists after the time of the transfer, and (4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year), then the deduction shall be allowed for the taxable year of the transfer. This subsection shall not apply in respect of the deduction for income, war profits, and excess profits taxes imposed by the authority of any foreign country or possession of the United States.↩