ELLIS CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 547–69. Filed January 25, 1972.

*Lionel Savadove*, for the petitioner.
*Barry N. Mosebach*, for the respondent.

QUEALY, *Judge:* Respondent determined deficiencies against the petitioner for additional taxes for the taxable years 1961 to 1966, inclusive, in the following amounts:

| Taxable year | Deficiency | Taxable year | Deficiency |
|---|---|---|---|
| 1961 | $731.44 | 1964 | $3,534.00 |
| 1962 | 4,858.19 | 1965 | 1,491.50 |
| 1963 | 4,254.18 | 1966 | 2,553.61 |

An agreement has been entered into by the parties disposing of all issues presented thereby, except for the resulting computation of the personal holding company tax imposed by section 541 for the taxable years 1962 to 1966, inclusive.

FINDINGS OF FACT

The stipulation of facts and exhibits attached thereto are included herein by this reference and adopted as a part of our findings.

Petitioner is a Pennsylvania corporation, with its principal office located at King of Prussia, Pa. The returns for the periods here involved were filed with the district director of internal revenue, Philadelphia, Pa. At all times material herein, the petitioner was a personal holding company as defined in section 542.

In its returns for the taxable years 1962 to 1964, inclusive, petitioner showed no Federal income tax due. In its returns for the taxable years 1965 and 1966, petitioner showed Federal income taxes due in the respective amounts of $37.58 and $673.60.

In the examination of the Federal income tax returns of the petitioner for the taxable years 1961 to 1966, inclusive, the respondent determined deficiencies in the amounts set forth. The petitioner filed its petition contesting the respondent's determination.

Subsequently, the petitioner agreed to the adjustments set forth by the respondent in his notice of deficiency, including the determination that the petitioner realized an excess of net long-term capital gains over net short-term capital losses in the following amounts:

| Taxable year | Amount |
| --- | --- |
| 1962 | $5,893.75 |
| 1963 | 5,893.75 |
| 1964 | 5,893.75 |
| 1965 | 5,893.75 |
| 1966 | 5,893.75 |

The additional income taxes due from the petitioner for the taxable years 1962 to 1966, inclusive, on account of the inclusion in income of such excess, of net long-term capital gains over short-term capital losses, are as follows:

| Taxable year | Amount |
| --- | --- |
| 1962 | $1,473.44 |
| 1963 | 1,473.44 |
| 1964 | 1,296.63 |
| 1965 | 1,296.63 |
| 1966 | 1,296.63 |

In determining the undistributed personal holding company income of the petitioner for the taxable years 1962 to 1966, inclusive, pursuant to section 545, the respondent adjusted petitioner's net taxable income by deducting, on account of "taxes" as defined in section 545(b)(1), only such amounts as were shown to be due on the returns as filed by the petitioner for the taxable years in question, namely, the sum of $37.58 for the taxable year 1965 and the sum of $673.60 for the taxable

year 1966. No adjustment was made on account of any taxes resulting from the deficiencies proposed herein.

In determining the undistributed personal holding company income of the petitioner for the taxable years 1962 to 1966, inclusive, pursuant to section 545, the respondent *further* adjusted petitioner's net taxable income by deducting on account of capital gains, as defined in section 545(b)(5), the excess of net long-term capital gains over short-term capital losses (hereinafter referred to as "the excess of net gains"), minus the taxes due from the petitioner on account of the inclusion in income of such excess as shown by the following schedule:

| Taxable year | Excess of gains over losses | Tax on excess | Sec. 545(b)(1) adjustment |
|---|---|---|---|
| 1962 | $5,893.75 | $1,473.44 | $4,420.31 |
| 1963 | 5,893.75 | 1,473.44 | 4,420.31 |
| 1964 | 5,893.75 | 1,296.63 | 4,597.12 |
| 1965 | 5,893.75 | 1,296.63 | 4,597.12 |
| 1966 | 5,893.75 | 1,296.63 | 4,597.12 |

OPINION

There was no dispute with respect to the facts. The petitioner is a personal holding company as defined in section 542. For the taxable years 1962 to 1966, inclusive, the petitioner's returns showed either no tax or only a nominal tax due. Upon examination of those returns, the respondent proposed to increase the income as reported by the petitioner on account of the excess of net long-term capital gains over net short-term capital losses. Petitioner filed a petition to this Court contesting that determination. Ultimately, however, petitioner agreed to an acceptance of the proposed adjustments to income made by the respondent. Thus, the question presented for decision relates solely to the manner in which the resulting tax liability under section 541 shall be computed.

The tax provided for under section 541 is imposed on the undistributed personal holding company income as defined in section 545. That section in turn defines the undistributed personal holding company income as the taxable income subject to certain adjustments, including in section 545(b)(1) an adjustment on account of taxes and in section 545(b)(5) an adjustment on account of long-term capital gains.

With respect to the adjustment on account of taxes, section 545(b)(1) provides that the taxable income shall be adjusted by a deduction on account of Federal income and excess profits taxes "accrued during the taxable year." In *Hart Metal Products Corporation* v. *Commissioner*, 437 F. 2d 946 (C.A. 7, 1971), affirming a Memorandum Opinion of this Court, it was held that an additional liability for Federal in-

come taxes, which was disputed by the taxpayer, does not accrue during the taxable year for which the tax is assessed within the meaning of section 545(b)(1). From this, petitioner argues that if the tax has not accrued for purposes of the adjustment under section 545(b)(1), so much of the tax as is due to the inclusion of the excess of net gains, which was a part of the tax in dispute, should not be deducted from such excess of net gains in computing the adjustment under section 545(b)(5). That is the only issue before us.

The petitioner's argument is not lacking in logic. Prior to the Revenue Act of 1954, the corresponding adjustment on account of capital gains was made without taking into account any taxes, previously deducted under section 541(b)(1), which were attributable to capital gains. The effect was to give a double deduction for the taxes attributable to capital gain in determining the income subject to the tax. In the Revenue Act of 1954, section 545(b)(5) was reenacted in its present form with the provision for the deduction of the tax attributable to the capital gains in order to avoid the "doubling up" effect of prior law. *Litchfield Securities Corporation* v. *United States*, 325 F. 2d 667 (C.A. 2, 1963).

On the other hand, where the tax has not accrued for purposes of the adjustment under section 545(b)(1), the "doubling up," to which the 1954 amendment of section 545(b)(5) was directed, does not occur. Logic would seem to indicate that, since the petitioner's undistributed personal holding company income does not reflect any reduction on account of the income taxes in dispute in this proceeding, the adjustment for the excess of gains over losses should not be reduced by any taxes which were a part of the total taxes in dispute, even though attributable to such gains. Unfortunately, such logic cannot be accommodated within the terms of the statute.

Under section 545(b)(1), the deduction for taxes is limited to such amount as "accrued during the taxable year." This excludes taxes in dispute which have not accrued during the taxable year. *Hart Metal Products Corporation.*

Under section 545(b)(5), the adjustment for capital gains is expressed in terms of the amount of gains "minus the taxes imposed by this subtitle attributable to such excess." It is the amount of tax "imposed" and "attributable" that goes to make up the adjustment under section 545(b)(5). It is immaterial when those taxes may have accrued.

*Decision will be entered for the respondent.*