**MELINDA L. GEE TRUST, et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 84–7405 to 84–7409, 84–7412.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1985.

Decided May 28, 1985.

Jay R. Oliff, San Jose, Cal., for petitioners-appellants.

Michael L. Paup, Glenn L. Archer, Richard Farber, George Hastings, Asst. Attys. Gen., Washington, D.C., for respondent-appellee.

Before HALL and WIGGINS, Circuit Judges, and SMITH,[*] District Judge.

PER CURIAM:

Appellants are successors-in-interest and transferees of two United States corporations, International Food Technology Service, Inc. (IFTS) and L.F.G., Inc. (LFG). During 1973 and 1974, IFTS and LFG were major shareholders of Simarloo Pty., Ltd., an Australian corporation. During the fiscal year ending June 30, 1973, Simarloo realized capital gains on the sale of certain stock. Simarloo did not distribute this profit to its shareholders.

The Commissioner determined that Simarloo was a foreign personal holding company under 26 U.S.C. §§ 551–556 for the 1973 fiscal year. Accordingly, pursuant to section 551(b), the Commissioner imputed to both IFTS and LFG their pro rata shares of Simarloo's undistributed income as dividends for the appropriate taxable years. This constructive distribution resulted in both IFTS and LFG being classified as domestic "personal holding companies" under 26 U.S.C. § 542, and consequently be-

[*] The Honorable Russell E. Smith, Senior District Judge, sitting by designation.

ing liable for the personal holding company tax under section 541. *See* 26 C.F.R. § 1.543–1(b). The Commissioner issued appellants notices of deficiency for the appropriate taxable years.

Appellants petitioned the Tax Court for review of these determinations. The Tax Court sustained the Commissioner's position. *Mariani Frozen Foods, Inc. v. Commissioner,* 81 T.C. 448 (1983). In this court, appellants contend that the constructive dividends IFTS and LFG received from Simarloo under section 551(b) do not constitute dividends for purposes of determining whether IFTS and LFG qualified as personal holding companies under section 542. The transferees of LFG also argue that the statute of limitations bars the Commissioner's assessment against them.[1] We reject both of these contentions for the reasons stated in the Tax Court's well-reasoned and comprehensive opinion.[2] *See* 81 T.C. at 486–90, 503–05.

AFFIRMED.

1. In the Tax Court, appellants raised four additional issues that they do not press on this appeal.

2. We find no merit in appellants' contention that the Tax Court erred in failing to consider the applicability of 26 U.S.C. § 951(d). That statute has no relevance to the issues in this case.