119 T.C. No. 2


UNITED STATES TAX COURT


METRO LEASING AND DEVELOPMENT CORPORATION, EAST BAY
CHEVROLET COMPANY, A CORPORATION, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket Nos. 8054-99.          Filed July 17, 2002.


        In an earlier opinion, we decided that P permitted
its 1995 earnings to accumulate beyond the reasonable
needs of its business.  Secs. 531-537, I.R.C.  There
remains, however, a dispute concerning the computation
of the accumulated earnings tax.  P contends,
alternatively, that R failed to reduce P's accumulated
earnings tax base by the following amounts: (1)
"Deferred" tax attributable to installment sale
proceeds to be received by P in tax years after 1995;
(2) the amount of the income tax deficiency determined
by respondent which remains contested by P and for
which P has made payment after filing its petition; and
(3) the difference between the amount of tax liability
reported on P's return and the amount of tax that would
have been due on P's net capital gain.

---

        [*]This Opinion supplements a previously released opinion:
<u>Metro Leasing & Dev. Corp., East Bay Chevrolet Co., A Corporation
v. Commissioner</u>, T.C. Memo. 2001-119.

All three reductions proposed by P require our interpretation of sec. 535(b), I.R.C. Proposed reductions (1) and (2) involve the interpretation of sec. 535(b)(1), I.R.C., and sec. 1.535-2(a)(1), Income Tax Regs. Reduction (3) involves sec. 535(b)(6), I.R.C. Reductions (1) and (3) present questions of first impression. With respect to reduction (2), this Court's decision on the issue was reversed by the Court of Appeals for the Fifth Circuit in J.H. Rutter Rex Manufacturing Co. v. Commissioner, 853 F.2d 1275 (5th Cir. 1987), revg. on this point T.C. Memo. 1987-296. If we follow the holding of the Court of Appeals, P would be entitled to a reduction for the paid, but still contested, income tax deficiency. R urges this Court not to follow the holding of the Court of Appeals.

Held: This Court will not follow the holding of Court of Appeals on this point in Rutter Rex. Held, further, sec. 535(b), I.R.C., and underlying regulations are interpreted, and R's computation of P's accumulated earnings tax liability is correct.

William L. Raby, for petitioner.

Kathryn K. Vetter, for respondent.

SUPPLEMENTAL OPINION[1]

GERBER, Judge: In an earlier opinion, we decided that petitioner permitted its 1995 earnings to accumulate beyond the

---

[1] On May 18, 2001, this Court filed a Memorandum Findings Of Fact And Opinion, Metro Leasing & Dev. Corp., East Bay Chevrolet Co., A Corporation v. Commissioner, T.C. Memo. 2001-119, in two consolidated cases (docket Nos. 8054-99 and 8055-99) stating that decisions would be entered pursuant to Rule 155 of the Court's Rules of Practice and Procedure in both docket numbers. On Sept. 20, 2001, in docket No. 8055-99, Respondent's Computation For Entry Of Decision (together with a proposed decision document) was filed. On Oct. 3, 2001, by order of this Court, the consolidated cases at docket No. 8054-99 and docket No. 8055-99 were severed. On Oct. 5, 2001, a decision was entered in docket No. 8055-99.

reasonable needs of its business.  See secs. 531-537;[2]  Metro
Leasing & Dev. Corp. v. Commissioner, T.C. Memo. 2001-119.  We
also decided the amount of reasonable compensation for
petitioner's officers.  To reflect our holding and to adjust for
agreed items, the parties were required to compute the amount of
resulting income tax and accumulated earnings tax liabilities
pursuant to Rule 155 computation procedures.

The parties, in docket No. 8054-99, disagree about the
computation of the accumulated earnings tax liability.  That tax
liability is computed by applying the accumulated earnings tax
rate to a corporation's accumulated taxable income.  Accumulated
taxable income is computed by making certain adjustments to
taxable income.  Respondent computed a proposed accumulated
earnings tax liability of $56,248, and petitioner disagreed,
contending that three additional adjustments should be made to
respondent's computation.  If any of petitioner's proposed
adjustments are sustained, the resulting accumulated earnings tax
liability would be within a range of amounts from zero to
$51,074.

Petitioner argues that, in computing accumulated taxable
income, respondent failed to reduce taxable income by the

---

[2] All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

following items: (1) Income tax attributable to unrealized and unrecognized installment sale proceeds (if correct, this adjustment would result in no accumulated earnings tax liability); (2) the amount of the income tax deficiency either determined by respondent or decided by this Court (resulting in no liability or $13,666 in accumulated earnings tax, respectively); and (3) an increased reduction under section 535(b)(6), if any accumulated earnings tax liability results after our consideration of proposed adjustments (1) and (2).

I. <u>Tax Liability on Installment Sale Income To Be Received in Years After 1995</u>

Section 531 imposes a tax on a corporate taxpayer's accumulated taxable income. Accumulated taxable income is computed by making certain adjustments to a corporate taxpayer's taxable income. Sec. 535(a). In particular, section 535(b)(1) permits a deduction for Federal income tax "accrued during the taxable year". In approaching this deduction, petitioner argues that its tax liability on unrealized and unrecognized installment sale income had accrued. This issue is one of first impression in the context of computing accumulated taxable income.

During its 1995 tax year, petitioner sold improved real property. The gross profit from the sale was $1,569,211.

Petitioner reported the sale under the installment method.[3] Under that method, a taxpayer reports the taxable portion of each installment in the year received. Petitioner received $28,376 in installments for 1995, of which only $20,303 was included in income by petitioner on its 1995 Federal income tax return. Petitioner "deferred" the inclusion in income of the remainder of the $1,569,211 installment sale gross profit until future installments were paid/received.[4]

In arguing that the tax on future installment income had "accrued", petitioner relies on section 1.535-2(a)(1), Income Tax Regs. That regulation contains the following elaboration on the deduction as being "for taxes accrued during the taxable year, regardless of whether the corporation uses an accrual method of accounting, the cash receipts and disbursements method, or any other allowable method of accounting."

---

[3] Petitioner's 1995 Federal return contains the notation that it uses the accrual method of accounting for tax purposes. With respect to the real estate sale, however, petitioner elected the installment method.

[4] Petitioner reflected an amount in excess of $500,000 in connection with the installment sale as "deferred income taxes" (a current liability) on the balance sheet which was part of its 1995 return. In addition, for financial reporting purposes, petitioner included the "deferred" installment sale income in its 1995 income. However, no part of the income that may be realized from subsequent years' installments was included in petitioner's 1995 Federal income tax base.

According to petitioner, the quoted phrase changes all taxpayers' methods of reporting income for purposes of section 535(b)(1) to the accrual method.  Petitioner contends that the phrase "regardless of whether the corporation uses an accrual method of accounting, the cash receipts and disbursements method, or any other allowable method of accounting" modifies the statutory phrase "taxes accrued during the taxable year".  In other words, petitioner argues that the taxes that accrued during the 1995 year should include future years' installment sale income as though petitioner had reported the entire sale under the accrual method for 1995.  Computing the accrued tax in the manner proposed by petitioner would result in no accumulated taxable income and, therefore, no accumulated earnings tax liability.

Respondent disagrees with petitioner and points out that the language of section 1.535-2(a)(1), Income Tax Regs., was not intended to change petitioner's method for reporting income from the installment to the accrual method.  In that regard, respondent contends that section 535(b)(1) and the underlying regulation concern the amount of tax that "accrued during the taxable year".  Respondent also contends that petitioner's post-1995 installment sale income does not meet the well-established standard for accrual of the income and/or tax during petitioner's 1995 Federal tax year.

We agree with respondent. The regulation permits petitioner to deduct its tax liability which had accrued but had not been paid by the end of 1995. The regulation does not change petitioner's tax accounting method for reporting income. Respondent's interpretation of the regulation would result in equal treatment for corporate taxpayers with respect to the accrual of a tax liability for the year(s) under consideration.[5] Petitioner's interpretation, for purposes of computing accumulated taxable income, would place all taxpayers on the accrual method for reporting income.[6]

We find petitioner's approach to be inherently inconsistent with and contradictory to the statutory scheme, especially when considered in the factual context of this case. In that regard, petitioner seeks the benefit of a reduction attributable to tax on unrealized installment sale income in computing accumulated

---

[5] For example, under the cash method a taxpayer's tax liability would not be deductible until such time as it is paid. Under respondent's interpretation, a cash basis taxpayer would be entitled to deduct unpaid, but established ("accrued"), income tax liability that, but for payment, had accrued during the taxable year.

[6] Under petitioner's interpretation of the statute, its sales transaction would have to be treated as an accrual method transaction as though the installment reporting method had not been elected.

taxable income.  Petitioner, however, has not included any portion of that same income in its tax base for 1995.[7]

Petitioner's interpretation of the subject regulation does not comport with the section 535 statutory phrase "accrued during the taxable year".  In addition, the modification of a taxpayer's overall tax accounting method does not appear to fit within the regimen of section 535(b).  "The adjustments prescribed by section 535(a) and (b) are designed generally to assure that a corporation's 'accumulated taxable income' reflects more accurately than 'taxable income' the amount actually available to the corporation for business purposes."  Ivan Allen Co. v. United States, 422 U.S. 617, 626 (1975).

The adjustments provided for in section 535(b) increase or decrease taxable income, on an annualized basis, to arrive at a base against which to apply the accumulated earnings tax of section 531.  For example, section 535(b)(1) provides for a reduction for taxes accrued during the taxable year and section 535(b)(4) requires that net operating loss deductions from other

---

[7] For example, if petitioner had included the income in its tax base for 1995, its taxable income (the starting point for computing accumulated taxable income) would have been proportionately larger and, even after the reduction for the "accrued tax" on future installment income, would have had the potential to result in a larger accumulated earnings tax than the $56,248 computed by respondent.  In effect, petitioner seeks to reduce the accumulated taxable income base by the future tax liability without including the future income in the income accumulation for the 1995 tax year.

<u>years</u> must be added back.  The purpose of these adjustments is to find the amount by which income has been allowed to accumulate beyond the needs of the business <u>for a particular tax year</u>.  Respondent's interpretation of the regulatory phrase accomplishes that end.  Petitioner's interpretation, on the other hand, addresses the question of future tax liability.[8]

Under established tax accounting principles for accrual, a liability is incurred and/or taken into account in the year in which all the events have occurred that establish the fact of the liability.  See sec. 1.461-1(a)(2), Income Tax Regs.  All the events have occurred when the amount of the liability can be determined with reasonable accuracy and economic performance has occurred with respect to the liability.  <u>Id.</u>  All of the events have not occurred with respect to petitioner's tax liability on future years' installment sale income.  Accordingly, petitioner is not entitled to deduct tax on post-1995 installment sale income from taxable income in arriving at accumulated taxable income for 1995.

---

[8] To the extent that petitioner receives installment income in future years, the tax and income would be matched in the same taxable year and have a direct bearing on whether that income was allowed to accumulate beyond its needs for that future year.

II.  Whether a Contested Income Tax Deficiency That Has Been Paid
Is Deductible From Taxable Income in Arriving at Accumulated
Taxable Income

Here again, we focus on section 535(b)(1) and the underlying
regulation in considering whether a contested income tax
deficiency is a tax that "accrued during the taxable year".
Petitioner reported an income tax liability of $2,674 on its 1995
corporate Federal income tax return.  The $2,674 was remitted by
petitioner during March 1996, when it filed its 1995 return.
Thereafter respondent determined a deficiency in petitioner's
income tax and, in addition, that petitioner was subject to the
accumulated earnings tax.  After the petition was filed and
before we issued our opinion, petitioner tendered payment of the
income tax deficiency to respondent.  Although petitioner
tendered payment, it continues to contest the income tax
deficiency.  The parties disagree with respect to whether any
part of the income tax deficiency should be deducted from taxable
income to arrive at accumulated taxable income, the base for the
accumulated earnings tax.

In making the adjustments to taxable income to arrive at
accumulated taxable income, respondent deducted the $2,674 tax
liability reported by petitioner, even though the $2,674 was not
paid until after the close of the 1995 tax year.  In addition to
the $2,674, petitioner argues that the income tax deficiency,
either in the amount determined by respondent or decided by the
Court, should also be deducted from taxable income to reduce the

accumulated earnings tax base.[9]  Respondent disagrees, contending

that the income tax deficiency did not accrue during the taxable

year as required by section 535(b)(1) because petitioner

continues to contest it.  In support of his argument, respondent

relies on the well-established standards for accrual (the "all

events test"), contending that a contested tax liability does not

meet that test.

Petitioner relies on the holding in J.H. Rutter Rex

Manufacturing. Co. v. Commissioner, 853 F.2d 1275 (5th Cir.

1988), revg. T.C. Memo. 1987-296 (Rutter Rex).[10]  The rationale

of that case focuses on the word "unpaid" in section 1.535-

---

[9] A taxpayer's Federal income tax liability is not
deductible in arriving at taxable income.  See sec. 275.  A
Federal income tax liability that "accrued during the taxable
year" is allowed as a deduction from the tax base for the
accumulated earnings tax.  See sec. 535(b)(1).

[10] Our J.H. Rutter Rex Manufacturing Co. v. Commissioner
opinion (T.C. Memo. 1987-296) (Rutter Rex) was reversed during
1988 (Rutter Rex, 853 F.2d 1275 (5th Cir. 1988).  We consider in
this opinion whether we will follow the holding of the Court of
Appeals for the Fifth Circuit or adhere to our established
holding on this question.  Since the reversal, this point has not
been addressed by this Court or any other court.  Any appeal of
our decision in these consolidated cases would normally lie with
the Court of Appeals for the Ninth Circuit because petitioner's
principal place of business was in California.  See sec.
7482(b)(1)(B).  The Court of Appeals for the Ninth Circuit has
not addressed the question we consider here.  Even though this
Court may disagree with an appellate court holding that is
squarely on point, we shall follow the appellate court holding if
that court is the venue for appeal.  See Golsen v. Commissioner,
54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

2(a)(1), Income Tax Regs.,[11] to reach the conclusion that a
contested[12] income tax deficiency that has been paid is
deductible within the meaning of section 535(b)(1). Rutter Rex,
supra at 1296. We note that the Court of Appeals for the Fifth
Circuit did not invalidate section 1.535-2(a)(1), Income Tax
Regs., in the process of reaching its holding. The factual
predicates for the taxpayer in Rutter Rex and petitioner are
substantially identical.[13]

---

[11] The word "unpaid" appears in the last sentence of the
pertinent part of sec. 1.535-2(a)(1), Income Tax Regs., as
follows:

> for taxes accrued during the taxable year, regardless
> of whether the corporation uses an accrual method of
> accounting, the cash receipts and disbursements method,
> or any other allowable method of accounting. In
> computing the amount of taxes accrued, an unpaid tax
> which is being contested is not considered accrued
> until the contest is resolved.

(Emphasis supplied.)

[12] In its opinion, the Court of Appeals acknowledged that
the income tax deficiency remained in controversy, even though
payment had been proffered. Accordingly, the Court was aware
that, ultimately, the taxpayer's accumulation might not have been
subjected to the contested tax deficiency.

[13] The taxpayer in Rutter Rex petitioned this Court to
contest income and accumulated earning tax deficiencies
determined by the Commissioner. After the filing of the petition
and this Court's opinion as to the amount of the income tax
deficiency, but prior to the final computation of the accumulated
earning tax and the entry of a decision, the taxpayer "apparently
offered to pay" the contested income tax deficiencies. See
Rutter Rex, 853 F.2d at 1295. We surmise from the quoted
language that the deficiency under consideration in Rutter Rex
had not been assessed. Likewise, in the case we consider,
(continued...)

The Court of Appeals for the Fifth Circuit emphasized in its rationale

> that the accumulated earnings tax is a penalty tax and thus is to be strictly construed. <u>Ivan Allen Co.</u>, 422 U.S. at 626, 95 S. Ct. at 2506. Due to the special nature of the accumulated earnings tax and its focused examination of earnings accumulated in a given year, it would be inequitable and inconsistent not to allow a corporation to deduct taxes assessed and attributable for the year at issue, even though the corporation may be contesting the taxes, as long as the corporation has paid the taxes prior to the final computation of its accumulated earnings tax liability. * * * [<u>Rutter Rex</u>, <u>supra</u> at 1296.]

We respectfully disagree with the interpretation of the Court of Appeals for the Fifth Circuit of section 1.535-2(a)(1), Income Tax Regs. That regulation, in its amplification of the language "tax accrued during the taxable year", is designed to permit a reduction from taxable income in arriving at accumulated taxable income for a tax liability that had accrued during the taxable year, but had not been paid (is "unpaid"). That final caveat of the regulation simply explains that an accrued but unpaid tax liability may not be used to reduce the base for the accumulated earnings tax, if the tax is contested. The focus of that final caveat is that no deduction is permissible where the liability is <u>contested</u>. The Court of Appeals, however,

---

[13](...continued)
respondent's computation reflects that petitioner's payment, in the amount of $326,932, had been paid but not assessed.

interpreted the term "<u>unpaid</u>" as the focus of the regulation's caveat and its controlling condition.

Petitioner argues that the result fashioned by the Court of Appeals in <u>Rutter Rex</u> is more equitable.  We observe, however, that it is inconsistent in that it treats a <u>paid but contested</u> deficiency differently from one that is <u>unpaid and contested</u>.  In either situation, there is no way to know whether a taxpayer's earnings will ultimately bear the burden of the contested deficiency determination.  The payment of a contested income tax deficiency does not overcome the requirement that the obligation be fixed or final for accrual.[14]

Petitioner argues that traditional accrual concepts ("all events test") should not be employed for determining income tax accrued in the computation of accumulated taxable income.  Petitioner's argument is based on the appellate court's rationale in <u>Rutter Rex</u> that it would be inequitable to prohibit a reduction for a paid, but contested, tax deficiency.  Petitioner, however, has not provided a policy reason to treat taxpayers who

---

[14] In addition, from the perspective of the accumulated earnings tax, payment of a contested income tax deficiency some 5 or 6 years after the accumulation in question would appear to have little relevance to the question of whether the tax "accrued <u>during</u> the taxable year" or whether a taxpayer allowed its income to accumulate beyond the reasonable needs of the business.  The quoted statutory language and the regimen of the accumulated earnings tax address the proscribed accumulation at the time of the accumulation.

contest an unpaid income tax deficiency differently from taxpayers who choose or are able to pay a contested deficiency.

Our holding in Rutter Rex, T.C. Memo. 1987-296, was consistent with our holding in Doug-Long, Inc. v. Commissioner, 73 T.C. 71 (1979), which, in turn, followed the Supreme Court's reasoning in Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516 (1944), and related precedent. See also Estate of Goodall v. Commissioner, 391 F.2d 775 (8th Cir. 1968). Those cases follow traditional accrual principles holding that a contested tax liability is not deductible because it has not accrued.

In Doug-Long, Inc. v. Commissioner, supra, we held that the questioned phrase in the regulation was a valid interpretation of section 535 when determining a corporation's Federal income tax that had accrued during the taxable year. The Commissioner has also provided guidance on this point, consistent with his position that contested deficiencies may not be reduced from the accumulated earnings tax base. See Rev. Rul. 72-306, 1972-1 C.B. 166. Moreover, the rationale employed in the Rutter Rex appellate opinion rests upon perceived inequities and varies from the requirements of section 461(f) and traditional accrual principles.[15] In that regard, the Court of Appeals for the

---

[15] The Court of Appeals for the Fifth Circuit, in a footnote, also acknowledged that their holding was contrary to cases interpreting the phrase "taxes * * * accrued during the taxable year" in the context of personal holding tax cases under
(continued...)

Eighth Circuit, relying on <u>Dixie Pine Prods. Co. v. Commissioner</u>, 320 U.S. 516 (1944), held that the all events test applied in deciding "what may be regarded as Federal income taxes of the corporation properly 'paid or accrued during the taxable year'". <u>Estate of Goodall v. Commissioner</u>, <u>supra</u> at 800.

Significantly, Congress in section 535(b) has specifically provided for adjustments that cause the accumulated earnings tax to be applied or not to be applied to various items. There is no indication that Congress intended that the term "accrual" have a different meaning for purposes of section 535(b) and section 1.535-2(a)(1), Income Tax Regs., than its traditional and well-established meaning. In that context, we interpret the last line of section 1.535-2(a)(1), Income Tax Regs., as simply explaining that an accrued but unpaid tax liability may not be used to reduce the base for the accumulated earnings tax, if the tax is contested.[16]  Accordingly, in a situation where a taxpayer

---

[15](...continued)
secs. 541-547, a companion penalty regimen. See <u>LX Cattle Co. v. United States</u>, 629 F.2d 1096 (5th Cir. 1980); <u>Kluger Associates, Inc. v. Commissioner</u>, 617 F.2d 323 (2d Cir. 1980), affg. 69 T.C. 925 (1978); <u>Hart Metal Prods. Corp. v. Commissioner</u>, 437 F.2d 946 (7th Cir. 1971), affg. T.C. Memo. 1969-164; <u>Mariani Frozen Foods, Inc. v. Commissioner</u>, 81 T.C. 448 (1983), affd. sub nom. <u>Gee Trust v. Commissioner</u>, 761 F.2d 1410 (9th Cir. 1985). For additional discussion by the Court of Appeals on this point, see <u>Rutter Rex</u>, 853 F.2d at 1297 n.37.

[16] Although not decisive, it is interesting to note that in the context of a prepayment forum, the income tax deficiency is not assessed and, as a technical matter, could not be paid. By
(continued...)

contests the Commissioner's determination and may continue to contest it after our decision is entered, the "all events test" has not been met. Our prior holdings and those of the Supreme Court support that result.

For those reasons, we disagree with the holding and rationale of the Court of Appeals for the Fifth Circuit and continue to adhere to our established precedent. We hold that no part of petitioner's paid, but contested, income tax deficiency should be reduced from its taxable income in arriving at accumulated taxable income under section 535(b)(1).

III. Whether the Amount of the "Tax Attributable" Adjustment to Capital Gains That Is Used To Arrive at the Accumulated Earnings Tax Base Should Be Limited to Petitioner's Reported Tax Liability for the Year

Petitioner argues, as its third and final alternative, that respondent's computation of the adjustment for capital gains is understated. Petitioner argues that the tax attributable adjustment should be limited to the actual overall tax liability reported or a duplication of tax burden would result. Respondent contends that his adjustment follows the literal requirements of section 535(b)(6)(A).

---

[16](...continued)
contesting the deficiency, a taxpayer ensures that the tax may not be assessed or collected. Even though a deficiency is paid after the filing of a petition, if a taxpayer continues to contest it, the tax is not assessed. Normally, payment during the course of a prepayment (deficiency) forum is used to stop the running of interest and is treated more like a deposit should an income tax deficiency be ultimately decided.

Section 535(b)(6)(A) provides for a deduction from taxable income in arriving at accumulated taxable income of "the net capital gain * * * reduced by * * * the taxes attributable to such net capital gain."  Section 535(b)(6)(B) defines "the taxes attributable to the net capital gain" as the difference between "the taxes imposed by this subtitle (except the tax imposed by this part) for the taxable year, and * * * such taxes computed for such year without including in taxable income the net capital gain for the taxable year".

The section 535(b)(6)(B)(i) language "the taxes imposed by this subtitle", is the focus of the parties' dispute.  Petitioner contends that the "taxes imposed" should be limited to the amount of tax liability it reported on its 1995 return or $2,674.  On the other hand, respondent's computation is based on "taxes imposed" of $110,203, the amount of income tax this Court decided is imposed under the statute.

In applying the above-quoted adjustment in his Rule 155 computation, respondent computed the accumulated earnings tax as follows:[17]

---

[17] There appear to be two errors in respondent's computation of petitioner's accumulated earnings tax.  First, there appears to be an error in subtraction.  If $325,000 is reduced by $2,674 and $24,616, the result should be $297,710 and not $300,384.  Second, the amount shown as taxable income on Form 5278, Statement--Income Tax Changes, of respondent's computation is $325,522 and not $325,000.  The parties will be asked to address these apparent discrepancies in a Rule 155 computation to be prepared in accord with this Supplemental Opinion.

Accumulated Earnings Tax-1995

| | | |
|---|---:|---:|
| Taxable income per Form 5278 | | $325,000 |
| Less sec. 535(b) adjustments: | | |
|     1. Federal income taxes accrued | | (2,674) |
|     2. Net capital gains | 40,354 | |
|       less: income tax attribu- | | |
|          table thereto | 15,738 | |
| | | (24,616) |
| | | 300,384 |
|     Less dividends paid: | | |
|       Compensation treated as dividend | | (150,250) |
|       Other expenses paid for benefit | | |
|          of shareholders | | (8,094) |
| Accumulated taxable income | | 142,040 |
|         x 39.6% | | 56,248 |

In the above computation, respondent has interpreted section 535(b)(6) to mean that the net capital gain should first be reduced by the full amount of tax on the capital gain and that it is not limited by the amount of combined tax liability reported by petitioner for 1995. Accordingly, respondent has taken the net capital gain of $40,354, applied the 35-percent maximum rate under section 1201 and arrived at $15,738 of income tax attributable to the net capital gain.[18] After making the "tax attributable" adjustment, respondent reduced taxable income by the $24,616 difference in the process of arriving at accumulated taxable income.

---

[18] We note that petitioner reported $35,884 of net capital gain and that respondent made adjustments increasing the amount to $40,354. We also note that 35 percent of $40,354 is $14,123.90 ($14,124) and not $15,738. It appears that another adjustment was combined with the one discussed herein, resulting in the $15,738 amount.

Petitioner argues that if the "total amount of Federal income tax attributable to the year 1995 for purposes of the section 535(b)(1) calculation is determined to be $2,674, * * * then the total amount of income tax attributable to the capital gain cannot logically exceed $2,674." In other words, petitioner contends that respondent's net capital gain deduction from taxable income in the process of arriving at accumulated taxable income is $13,064 too small.[19]

The question raised by petitioner's argument is whether the amount of tax, in the context of the section 535(b)(6) phrase tax "attributable to the net capital gain", is limited by the amount of a taxpayer's total combined income tax liability[20] that was reported for the year. This is a question of first impression.

In order to understand better the distinctions between the parties' positions, we review petitioner's 1995 Form 1120, U.S. Corporation Income Tax Return. Petitioner reported "Total Income" of $898,479, of which $35,884 was reported as "Capital gain net income". The remainder of the income reported appears to be from sources of "ordinary income", such as rents, royalties, etc. After ordinary deductions of $844,327 and a

---

[19] In support of its position, petitioner argues that respondent's approach results in a duplication or "doubling-up of the tax element". Essentially, respondent's computation results in removing the capital gain and its tax effect from the tax base for computing accumulated earnings tax.

[20] The liability when considering both ordinary and net capital gain income.

$36,326 net operating loss deduction, petitioner reported taxable income of only $17,825.

The $17,825 of taxable income reported by petitioner resulted in a $2,674 tax liability. It is that $2,674 which petitioner argues should limit the "tax attributable" to net capital gains within the meaning of section 535(b)(6). We note that the $2,674 of tax liability reported by petitioner has already been deducted from taxable income in the process of arriving at accumulated taxable income.[21]

The problem with petitioner's position is that $2,674 is not the "tax imposed" on petitioner's 1995 taxable income. The tax imposed on petitioner's 1995 taxable income is $110,203, the amount decided by this Court in our earlier opinion Metro Leasing & Dev. Corp. East Bay Chevrolet Co. v. Commissioner, T.C. Memo. 2001-119, which concerned the underlying tax issues. The $110,203 amount decided by this Court is the tax imposed under section 535(b)(6)(B)(i). If $110,203 is used as the tax imposed in the section 535(b)(6) calculation, respondent's computation of accumulated taxable income is correct.

Section 535(b) contains several adjustments, some of which are intended to remove certain items from the accumulated earnings tax base. In that regard, section 535(b)(5),(6), and (7) provides for adjustments pertaining to capital gains. In

---

[21] That adjustment was made under sec. 535(b)(1) as discussed earlier in this Opinion.

general, section 535(b)(5) permits a reduction for net capital losses for the taxable year. Section 535(b)(6) provides for a reduction for net capital gains, less tax attributable to said gains. Finally, section 535(b)(7) makes inapplicable the ordering rules for capital losses under section 1212 and provides for the carryover of the prior year's net capital loss.

The net effect of the provisions regarding capital gains and losses is to remove them from the accumulated earnings tax base, irrespective of whether they resulted in gain or loss. Respondent has removed the net capital gains in accord with the statute. The limitation argued for by petitioner does not comport with the statute, because the amount of tax liability reported by petitioner is not, ultimately, the "tax imposed" by the statute.

A similarly worded adjustment and computation for removing net capital gains from the computation of the personal holding company tax is provided for in section 545(b)(5). Like the accumulated earnings tax, the personal holding tax is considered a "penalty" tax. Taxpayers, in the context of the personal holding tax, have made arguments similar to those made by petitioner in this case. They argued that the tax imposed should equal the tax accrued for purposes of the capital gain adjustment. This Court rejected those arguments, holding that Congress was aware that taxpayers would not be able to deduct

contested taxes in connection with the adjustment for "taxes accrued during the year", whereas the tax imposed would include the deficiency decided by a court. See Kluger Associates, Inc. v. Commissioner, 69 T.C. 925, 940-941 (1978), affd. 617 F.2d 323, 333 (2d Cir. 1980); Ellis Corp. v. Commissioner, 57 T.C. 520, 523 (1972).

We are aware of the paradox that has been occasioned by petitioner's choice to continue contesting the income tax deficiency. That choice has resulted in petitioner's inability to treat the income tax deficiency, decided by this Court, as accrued during the taxable year for purposes of the section 535(b)(1) adjustment. Conversely, petitioner may not use the $2,674 tax liability it originally reported in its computation of the section 535(b)(6) adjustment. Although the two items are conceptually related, by definition they are not interdependent. For the section 535(b)(1) adjustment, the tax must have accrued. Whereas the section 535(b)(6)(B)(i) aspect of the capital gain adjustment is dependent upon the amount of the tax imposed. The tax "imposed" and the tax "accrued" for a particular year could be the same amount. But where the tax "imposed" is contested, it is not treated as "accrued".

We therefore hold that respondent correctly computed the adjustment for net capital gains under section 535(b)(6) and that

respondent's approach to the Rule 155 computation is not in error.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>

Reviewed by the Court.

WELLS, COHEN, SWIFT, WHALEN, COLVIN, HALPERN, BEGHE, CHIECHI, FOLEY, VASQUEZ, GALE, THORNTON, and MARVEL, <u>JJ.</u>, agree with the majority opinion.

RUWE and LARO, <u>JJ.</u>, did not participate in consideration of this case.

HALPERN, J., concurring: Although I have joined in the majority's opinion, I write separately to set forth more fully why I believe petitioner may not accrue the contested tax liability in question.

I.  Application of the All Events Test

The majority notes:  "Our holding in J.H. Rutter Rex Manufacturing Co. v. Commissioner, T.C. Memo. 1987-296, was consistent with our holding in Doug-Long, Inc. v. Commissioner, 73 T.C. 71 (1979), which, in turn, followed the Supreme Court's reasoning in Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516 (1944), and related precedent."  Majority op. p. 15.  It is upon Dixie Pine Prods. Co. and the "related precedent" that I wish to focus.

The seminal case establishing the basic rule for when a liability is incurred and, thus, is taken into account under the accrual method of accounting for Federal income tax purposes is United States v. Anderson, 269 U.S. 422 (1926), which holds that a liability is incurred in the year in which occur all the events needed to create an unconditional obligation to pay such liability.  That test (the all events test) is now embodied in section 1.446-1(c)(1)(ii)(A), Income Tax Regs., which provides that, under an accrual method of accounting (in addition to the requirement of "economic performance", added in 1984), a liability is incurred for income tax purposes "in the taxable

year in which all the events have occurred that establish the fact of the liability, [and] the amount of the liability can be determined with reasonable accuracy".  See also sec. 1.461-1(a)(2), Income Tax Regs.

In Dixie Pine Prods. Co. v. Commissioner, supra, the Supreme Court amplified the all events test by holding that all of the events to establish a liability have not occurred if the liability is contingent and is contested by the supposed obligor. Id. at 519; accord Security Flour Mills Co. v. Commissioner, 321 U.S. 281 (1944).[1]  In Dixie Pine Prods. Co. v. Commissioner, supra, the taxpayer had contested a State excise tax that, otherwise, would have been due for the taxable year in question. The Supreme Court held that the taxpayer could claim a deduction only for the taxable year in which its liability for the tax was finally settled.  Id. at 519.

In United States v. Consol. Edison Co., 366 U.S. 380 (1961), the Supreme Court applied the all events test to a situation in which a contested real estate tax liability was paid in order to

---

[1]  It should be noted that, in the absence of a contest, the all events test is satisfied with respect to the additional tax attributable to an income tax deficiency as of the close of the deficiency year.  See Dravo Corp. v. United States, 172 Ct. Cl. 200, 348 F.2d 542 (1965) (additional State capital stock tax paid without protest by accrual method taxpayer in year 3 with respect to year 1 properly accruable for year 1).  Such additional tax is, therefore, properly accruable for the deficiency year under sec. 535(b)(1).  Rev. Rul. 68-632, 1968-2 C.B. 253.

stay the seizure and sale of the property (in satisfaction of the tax lien) during the pendency of the contest. The Court held that such payment did not satisfy the all events test so long as the contest was still pending. Id. at 391-392.

The result in United States v. Consol. Edison Co., supra, was overruled (retroactively to the effective date of the 1954 Code) by section 223 of the Revenue Act of 1964, Pub. L. 88-272, 78 Stat. 19, 76, which added section 461(f), which permits a deduction for contested items in the year of payment, even though the contest is not resolved until a later year. S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, is the report of the Committee on Finance that accompanied H.R. 8363, 88th Cong., 1st Sess. (1963), which, when enacted, became the Revenue Act of 1964. The report explains the general reasons for section 461(f) (which originated in the Senate) as follows:

> Although your committee does not question the legal doctrine laid down by the Supreme Court in the Consolidated Edison case, it believes that it is unfortunate to deny taxpayers a deduction with respect to an item where the payment has actually been made, even though the liability is still being contested either as to amount or as to the item itself. * * *

S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, 604. (Emphasis added.)

Thus, under well-established principles of tax accrual laid down by the Supreme Court, it is clear that, for income tax purposes, the all events test is not satisfied with respect to a contested tax liability, and the contested tax liability may not

be "accrued", until the year in which the contest is terminated. If the contested liability is paid before the contest is terminated, the liability is deductible in the year of payment pursuant to section 461(f).  If the same tax accrual principles apply for purposes of section 535(b)(1), there is no basis in law for the holding of the Court of Appeals for the Fifth Circuit in J.H. Rutter Rex Manufacturing Co. v. Commissioner, 853 F.2d 1275 (5th Cir. 1988), revg. T.C. Memo. 1987-296, that a taxpayer's payment of a contested tax liability entitles the payor to treat the contested liability as "accrued" during the prior taxable year to which the accumulated earnings tax relates.

II.   Relevance of Sec. 1.535-2(a)(1), Income Tax Regs.

The Court of Appeals for the Fifth Circuit, in J.H. Rutter Rex Manufacturing Co. v. Commissioner, supra at 1297, noted that the last sentence of section 1.535-2(a)(1), Income Tax Regs., does not prohibit an accrual deduction for paid contested taxes prior to termination of the contest because the sentence provides only that "an unpaid tax which is being contested is not considered accrued until the contest is resolved."  (Emphasis added.)  In reaching that conclusion, the Court of Appeals overlooked the fact that, at the time the cited regulation was promulgated, pursuant to T.D. 6377, 1959-1 C.B. 125, the Internal Revenue Service's published position with respect to paid contested taxes was that such taxes are deductible in the year of

payment, even though they continue to be contested.  See G.C.M. 25298, 1947-2 C.B. 39, 44, which followed Chestnut Sec. Co. v. United States, 104 Ct. Cl. 489, 62 F. Supp. 574 (1945).[2]  Under those circumstances, the general accrual rule applicable to contested taxes, contained in section 1.535-2(a)(1), Income Tax Regs., could only have applied to unpaid taxes because its extension to paid taxes would have been inconsistent with G.C.M. 25298.  Since 1964, an extension of that provision to paid contested taxes would be inconsistent with section 461(f), which, in effect, codified and reinstated the Commissioner's position in G.C.M. 25298.  Therefore, petitioner's payment of the contested taxes could serve only to accelerate a deduction to the year of payment pursuant to section 461(f).  There is no basis under either the all events test or section 461(f) for the Court of Appeals for the Fifth Circuit's suggestion, J.H. Rutter Rex Manufacturing Co. v. Commissioner, supra at 1297, that the payment itself somehow justifies an accrual of such taxes in the earlier year for which the taxpayer is subject to tax imposed by section 531.

We are left, then, to determine whether the test of a section 535(b)(1) tax accrual is the all events test.

---

[2]  Chestnut Sec. Co. v. United States, 104 Ct. Cl. 489, 62 F. Supp. 574 (1945), was effectively overruled by United States v. Consol. Edison Co., 366 U.S. 380 (1961).

III.  Validity of Sec. 1.535-2(a)(1), Income Tax Regs.

The final sentence of section 1.535-2(a)(1), Income Tax Regs., reads:  "In computing the amount of taxes accrued, an unpaid tax which is being contested is not considered accrued until the contest is resolved."  That sentence leaves little doubt that the Secretary of the Treasury intended the test of a section 535(b)(1) tax accrual to be the all events test.  See Doug-Long, Inc. v. Commissioner, 73 T.C. at 81 ("The last sentence of this regulation is consistent with the definition of accrued taxes which has been set forth in Dixie Pine Products Co. v. Commissioner, supra; Great Island Holding Corp. v. Commissioner, * * * [5 T.C. 150, 160 (1945)]; and sec. 1.461-2(b)(2), Income Tax Regs.").  The only question is whether that is a valid interpretation of the statutory command of section 535(b)(1) that, in computing accumulated taxable income, taxable income be adjusted by subtracting certain taxes "accrued" during the taxable year.  In Doug-Long, Inc. v. Commissioner, supra at 82, we held that the last sentence of section 1.535-2(a)(1), Income Tax Regs., validly interprets the statute.  In J.H. Rutter Rex Manufacturing Co. v. Commissioner, supra at 1296, the Court of Appeals for the Fifth Circuit made a cogent argument that the accumulated earnings tax, a penalty tax, should not be based on earnings "that may not exist at all depending on the deficiency claimed."  Taken to its logical conclusion, the Court of Appeals'

argument is an argument to read the term "[taxes] accrued during the taxable year" in section 535(b)(1) as meaning "[taxes] finally determined for the taxable year".[3]  That is a rule that Congress easily could have stated.  Congress, however, used the term "taxes accrued", and the term "accrued" has a settled meaning, incorporating the all events test, for Federal income tax purposes.  See, e.g., sec. 1.446-1(c)(1)(ii)(A), Income Tax Regs.  In Estate of Goodall v. Commissioner, 391 F.2d 775, 800 (8th Cir. 1968), vacating and remanding T.C. Memo. 1965-154, the Court of Appeals for the Eighth Circuit gave precisely that meaning to the term "accrued" in a predecessor version of section 535(b)(1).  If section 535(b)(1) is not clear on its face, the Secretary's interpretation is permissible, since it defines a term in a way that is reasonable in light of the legislature's revealed design.  Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984).[4]  Although policy

---

[3]  That is, finally determined before the corporation's liability for accumulated earnings tax becomes final.

[4]  Petitioner suggests that the Chevron standard of review should not apply because the accumulated earnings tax is in the nature of a penalty.  Even if we were to conclude that the final sentence of sec. 1.535-2(a)(1), Income Tax Regs., is invalid on that basis, it would not necessarily follow that petitioner would be entitled to deduct from its 1995 accumulated taxable income the amount of its 1995 Federal income tax deficiency as determined by this Court.  That is, if we were to invalidate the final sentence of sec. 1.535-2(a)(1), Income Tax Regs., we would still be required to interpret the meaning of the term "[taxes] accrued during the taxable year" as used in sec. 535(b)(1).  In this regard, petitioner offers no support for the proposition
(continued...)

considerations may suggest a taxes-as-finally-determined rule,
the use of a commonly understood term suggests the common
meaning, and the legislature's design, as revealed, does not
contradict such usage.[5]

---

[4](...continued)
that Congress intended a taxes-as-finally-determined rule as
opposed to, say, a taxes-as-actually-reported rule.

[5]  The Court of Appeals for the Fifth Circuit in J.H. Rutter
Rex Manufacturing Co. v. Commissioner, 853 F.2d 1275, 1297-1298
(5th Cir. 1988), cites a line of cases beginning with Stern Bros.
Co. v. Commissioner, 16 T.C. 295 (1951), in support of its
position.  Those cases uphold the accrual of contested taxes in
the year in which the contested tax liability arises when
computing accumulated earnings and profits for invested capital
purposes under the excess profits tax imposed in World War II.
Id. at 322-323.  See also Estate of Stein v. Commissioner, 25
T.C. 940, 966 (1956), which extends the Stern Bros. Co. rationale
to permit the accrual of contested taxes in computing earnings
and profits for purposes of determining whether corporate
distributions are taxable dividends or nontaxable distributions
from capital.  In Stern Bros. Co., we were interpreting a
regulation that required an accrual basis taxpayer to subtract
income and excess profit taxes "for the preceding taxable year".
That is not necessarily the same as allowing a deduction for any
such taxes as are "accrued" during such preceding taxable year.
Moreover, Stern Bros. Co. and its progeny, including Estate of
Stein, specifically distinguish the computation of accumulated
earnings and profits from the computation of taxable income,
where Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516 (1944),
is acknowledged to be applicable.  See, e.g., Stern Bros. Co. v.
Commissioner, supra at 322-323.  The concept of taxable income is
not so different from that of "accumulated taxable income", upon
which the accumulated earnings tax is imposed, as to make the
extension of Dixie Pine Prods. Co. to the latter an unreasonable
interpretation of the term "accrued" as it is used in sec.
535(b)(1).

I conclude that section 1.535-2(a)(1), Income Tax Regs., validly interprets section 535(b)(1):  The test of a section 535(b)(1) tax accrual is the all events test.

SWIFT, WHALEN, and MARVEL, JJ., agree with this concurring opinion.