T.C. Memo. 2013-156

UNITED STATES TAX COURT

THOUSAND OAKS RESIDENTIAL CARE HOME I, INC., ET AL.,[1] Petitioners
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1448-10, 1480-10,      Filed June 20, 2013.
1481-10.

      Ps filed a motion for recovery of reasonable administrative and litigation costs pursuant to I.R.C. sec. 7430.

      Held: R's position was substantially justified. P is not entitled to recovery of reasonable administrative and litigation costs.

_____

    [1]Cases of the following petitioners are consolidated herewith: Thousand Oaks Residential Care Home I, Inc., docket No. 1480-10; and Robert A. Fletcher and Pearl Fletcher, docket No. 1481-10. On December 15, 2011, we granted motions to change the captions in docket Nos. 1448-10 and 1480-10.

**[*2]** <u>Matthew Taggart</u>, <u>Ryan Andrews</u>, <u>Michael B. Luftman</u>, and <u>Charles</u>

<u>Kolstad</u>, for petitioners.

<u>Kris H. An</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This matter is before the Court on petitioners'

motion for administrative and litigation costs filed pursuant to section 7430 and

Rules 230 and 231.[2]  Respondent filed a response opposing petitioners' motion.

As discussed in detail below, we conclude that respondent's position in these

proceedings was substantially justified, and consequently we will deny petitioners'

motion.

Background

After an exhaustive review of multiple factors, on January 14, 2013, this

Court determined that most of the Fletchers' compensation was reasonable and

deductible under section 162.  <u>Thousand Oaks Residential Care Home I, Inc. v.</u>

<u>Commissioner</u>, T.C. Memo. 2013-10, at *33.  Respondent has conceded that

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.  These cases are appealable to the U.S. Court of Appeals for the Ninth Circuit.

**[*3]** therefore petitioners have "substantially prevailed with respect to the most significant issues or set of issues in * * * [their] case[s] and that petitioners meet the net worth requirements of I.R.C. § 7430."  Respondent, however, argues that petitioners have not established that they have incurred any of the administrative and litigation costs and that petitioners were not the prevailing parties because respondent's positions were substantially justified.

### Discussion

Pursuant to section 7430(a), a prevailing party may be awarded reasonable administrative and litigation costs incurred in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty.  The term "prevailing party" means any party (other than the United States or a creditor of the taxpayer) which has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues and meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B).  See sec. 7430(c)(4)(A).  A party meeting these requirements shall not be treated as the prevailing party, however, if the United States establishes that its position in the proceeding was substantially justified.  Sec. 7430(c)(4)(B).

**[*4]**  In order to establish that the position was substantially justified, respondent must show that the position was "'justified to a degree that could satisfy a reasonable person'" or that it had a "'reasonable basis both in law and fact.'"  Swanson v. Commissioner, 106 T.C. 76, 86 (1996) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "A position has a reasonable basis in fact if there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  Corkrey v. Commissioner, 115 T.C. 366, 373 (2000) (citing Pierce, 487 U.S. at 564-565).  In determining whether the position was substantially justified, we must "'consider the basis for the * * * legal position and the manner in which the position was maintained'."  Id. (quoting Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986)).

The "position of the United States" is evaluated at two stages of the case: first at the administrative proceeding level and second at the court proceeding level.  See Huffman v. Commissioner, 978 F.2d 1139, 1147 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144.  In these cases, the position of the administrative proceeding was established by the Appeals Office's decision and the position of the court proceeding was that taken in respondent's answer to the petition.  See sec. 7430(c)(7); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).  Respondent argues and we find that his position in both proceedings

**[*5]** was substantially the same. Respondent's position in these cases on the issue of whether the compensation packages paid to the Fletchers for the 2003, 2004, and 2005 tax years were deductible under section 162 was substantially justified.

Section 162(a)(1) provides a deduction for ordinary and necessary business expenses, including "a reasonable allowance for salaries or other compensation for personal services actually rendered". In cases appealable to the U.S. Court of Appeals for the Ninth Circuit, the reasonableness of the payments is considered with reference to broad factors set forth in Elliotts, Inc. v. Commissioner, 716 F.2d 1241 (9th Cir. 1983), rev'g T.C. Memo. 1980-282, and Metro Leasing & Dev. Corp. v. Commissioner, 376 F.3d 1015, 1019 (9th Cir. 2004), aff'g 119 T.C. 8 (2002). The reasonableness of compensation is a question of fact to be determined on the basis of all the facts and circumstances. Pac. Grains, Inc. v. Commissioner, 399 F.2d 603, 606 (9th Cir. 1968), aff'g T.C. Memo. 1967-7.

Whether compensation was reasonable is necessarily a question of facts and circumstances. This Court required a full trial complete with expert witnesses on both sides in order to make a determination with respect to the reasonableness of the compensation. Of the factors the Court looked at, it found that three of the six factors weighed in favor of respondent and noted that another factor only slightly favored petitioner. After careful analysis and consideration the Court found that

**[\*6]** most of the compensation paid to the Fletchers was reasonable; however, a material portion, $282,615, of the compensation package as it related to deferred compensation provided by the retirement plan was found to be nondeductible and unreasonable. It was also determined that petitioner Thousand Oaks Residential Care Home I, Inc.'s owner-employees had drained, through compensation, the corporation's profits, essentially leaving no return for shareholders on their capital investment. The cases, with respect to the owner-employees and their reasonable compensation, including compensation for earlier years when they were undercompensated, were competitive. The testimony of respondent's expert, the numerous factual issues surrounding the decision, and the total disallowance of all compensation paid to the owner-employees' daughter Ms. Strick demonstrate that respondent acted reasonably given the facts and circumstances.[3]

In accordance with the foregoing, we hold that respondent's position in these cases was reasonable and substantially justified under section 7430(c)(4)(B).

---

[3]We note that had petitioners chosen to submit a qualified offer pursuant to sec. 7430(g) which recognized not only respondent's excessive zeal, but also its own and that of its shareholder owners, much of its $151,503 of litigation costs and those of respondent might have been avoided. In any event if the qualified offer had been reasonable, petitioners would have trumped respondent's sec. 7430(c)(4)(B) defense and might have recovered their costs in this matter. See sec. 7430(c)(4)(E).

**[*7]** It follows that petitioners are not the prevailing party within the meaning of section 7430, and we will therefore deny petitioners' motion.[4]

To reflect the foregoing,

<u>Appropriate orders and decisions</u>

<u>will be entered</u>.

---

[4]Because we concluded that respondent's position was substantially justified, we need not address respondent's argument that petitioners have not established that they have incurred any of the administrative and litigation costs.